**Larry J. COPUS, Plaintiff–Appellant,**

**v.**

**CITY OF EDGERTON, et al.,**
**Defendants–Appellees.**

**No. 96–2173.**

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 10, 1996.

Decided Sept. 25, 1996.

Larry J. Copus (submitted on briefs), Memphis, TN, Pro Se.

Robert G. Krohn, John W. Roethe, Roethe, Buhrow, Roethe & Pope, Edgerton, WI, for City of Edgerton, Kenneth Burdick, Officer Meehan.

Robert G. Krohn, Roehte, Buhrow, Roethe & Pope, Edgerton, WI, for Michael Strizic.

Robert M. Hunter, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, Robert G. Krohn, Roethe, Buhrow, Roethe & Pope, Edgerton, WI, for Wisconsin Department of Corrections.

Before EASTERBROOK, KANNE, and ROVNER, Circuit Judges.

PER CURIAM.

Larry J. Copus filed this suit under 42 U.S.C. § 1983, contending that defendants wrongfully arrested him, searched his home, failed to administer *Miranda* warnings, and so on, all leading to the revocation of his probation and his current confinement. The district court swiftly ruled that a decision on the merits of these claims would affect the validity of Copus's confinement, and that the claims therefore must be prosecuted under 28 U.S.C. § 2254. Next the district court held that the complaint must be treated *as* a § 2254 action, which the court immediately dismissed for failure to exhaust state remedies. Copus filed a notice of appeal and, because the district court had converted the action into one under § 2254, asked this court to issue a certificate of appealability.

 Such a certificate is unnecessary. The district court was not authorized to convert a § 1983 action into a § 2254 action, a step that carries disadvantages (exhaustion and the certificate of appealability only two among many) for litigants. A collateral attack must be prosecuted against one's custodian. Copus did not name his custodian as a defendant, and therefore this action *cannot* be a collateral attack. It may be that as a § 1983 suit it is defective, but if so the proper step would have been to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) or grant summary judgment, rather than to "convert" the case to an impossible or inappropriate alternative suit. *Clayton–El v. Fisher*, 96 F.3d 236, 240 n. 2 (7th Cir.1996), slip op. 7 n. 2.

When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Several claims in Copus's complaint are untenable under *Heck*. But the claim concerning an unconstitutional search and seizure may well be maintainable. Consider the possibilities. The evidence might have been suppressed in the state case, and if so would not have contributed to confinement; or (since this is a probation revocation), the state tribunal might have declined to invoke the exclusionary rule, so that the propriety of the search was not adjudicated in the state case. See *Homola v. McNamara*, 59 F.3d 647, 650–51 (7th Cir.1995). Under *Heck* it is essential to determine whether the conduct complained of had an effect on the custody; if not, the damages action can proceed. See also *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Haring v. Prosise*, 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983); *Clayton–El*, slip op. 10–14, 96 F.3d at 241–243.

The judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this opinion.