Larry J. COPUS, Plaintiff,

v.

CITY OF EDGERTON; Chief of Police,
Kenneth Burdick; Police Lieutenant,
Randal Meehan; Police Detective, Barry
Irman; Police Sergeant, Brian Strubin;
Police Officer, Timothy Kittle; Proba-
tion Officer, Karen Livingood; and At-
torney, Michale Strieic,[1] Defendants.

No. 96–C–101–C.

United States District Court,
W.D. Wisconsin.

March 20, 1997.

---

1. Plaintiff included several additional defendants in his initial complaint who have since been dismissed upon the court's own motion. Defendants Special Agents for Bureau of Alcohol, Tobacco and Firearms, Special Agent Kevin Kelm, Special Agent Sandra Devalkenaere and Wisconsin Department of Corrections Department of Probation and Parole were dismissed for failure to prosecute. Defendant Cheryl A. Copus was dismissed for plaintiff's failure to state a claim against her.

Larry J. Copus, Memphis, TN, pro se.

John W. Roethe, Roethe, Buhrow, Roethe & Pope, Edgerton, WI, for City of Edgerton, Kenneth Burdick, Randal Meehan, Barry Irman, Brian Struebin, Timmothy Kittle.

Michael Strizic, Janesville, WI, for Michale Strieic.

Robert M. Hunter, Assistant Attorney General, Madison, WI, for Karen Livengood.

## OPINION AND ORDER

CRABB, District Judge.

This is a civil action for declaratory, monetary and injunctive relief brought pursuant to 42 U.S.C. § 1983 by plaintiff, an inmate at the Shelby Federal Correctional Institution in Memphis, Tennessee. (Although plaintiff is a federal inmate, he is suing state officials for actions taken against him before his federal conviction; therefore, it is proper for him to sue under § 1983). Plaintiff alleges that defendant police officers arrested him, searched his home and seized his property in violation of the United States Constitution, defendant state probation officer Livingood (correctly spelled "Livengood") filed a detainer against plaintiff based on the illegal evidence and defendant Strieic (correctly spelled "Strizic") provided plaintiff with ineffective assistance of counsel. The case is

now before the court on defendants Livengood's and Strizic's motions to dismiss and the motion for summary judgment of defendants City of Edgerton and Edgerton police officers.

Defendant Livengood contends that she is absolutely immune from suit challenging her role in revoking plaintiffs parole because her conduct was an integral part of the judicial process. Defendant Strizic contends that this court lacks jurisdiction to hear plaintiffs claims against him because he did not act under color of state law as required by 42 U.S.C. § 1983. Plaintiff disputes defendant Livengood's claim of immunity and argues that this court has jurisdiction to review defendant Strizic's conduct under § 1983 because Strizic engaged in a conspiracy with state actors to deprive plaintiff of his constitutional rights. I conclude that plaintiff's claims against defendants Livengood and Strizic must be dismissed. Defendant Livengood is absolutely immune from suit challenging her decision to order plaintiff's detention for parole violations and plaintiff has not alleged properly that defendant Strizic engaged in a conspiracy that might bring him under the coverage of § 1983.

After the City of Edgerton defendants moved to dismiss, I converted their motion to one for summary judgment under Fed. R.Civ.P. 12(b) because resolution of the motion required consideration of matters outside the pleadings. These defendants have made several arguments, including that plaintiffs § 1983 claims must be dismissed because a ruling in favor of plaintiff would draw into question the validity of his federal criminal conviction. In support of their position, defendants have asked the court to take judicial notice of the record in plaintiff's federal criminal trial, Case No. 94–CR–29–C–1. After doing so, I am satisfied that plaintiff's claims against the City of Edgerton defendants implicate the validity of plaintiffs conviction and must be dismissed under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

## PROCEDURAL HISTORY

On March 18, 1996, I issued an order construing plaintiff's § 1983 complaint as an action brought under 28 U.S.C. § 2254 because its resolution affected the validity of plaintiff's confinement, which seemed from his complaint to have resulted from a state parole revocation proceeding. I dismissed plaintiff's complaint for failure to exhaust state remedies, as required by § 2254. The Court of Appeals for the Seventh Circuit reversed this decision. *Copus v. City of Edgerton*, 96 F.3d 1038 (7th Cir.1996). The court of appeals held that it was improper both to construe plaintiff's complaint as a habeas corpus petition and to dismiss it. The court of appeals remanded the case to consider whether plaintiff's § 1983 claims warranted dismissal without prejudice under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383, which mandates the dismissal of a convicted person's civil rights action if the legality of the challenged conduct cannot be determined without inquiring into the validity of his conviction.

Because plaintiff is proceeding pro se, his complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). For the purposes of deciding defendants Livengood's and Strizic's motions to dismiss, I consider the following allegations of fact from plaintiff's complaint.

## ALLEGATIONS OF FACT

Plaintiff Larry J. Copus is a resident of Wisconsin incarcerated at the Federal Correctional Institution in Memphis, Tennessee. Defendant City of Edgerton is a Wisconsin municipality that operates the Edgerton Police Department and employs the defendant police officers. Defendant Kenneth Burdick (correctly Keith Burdick) was Chief of Police of the Edgerton Police Department at all times relevant to this action. As Chief, Burdick is responsible for developing the Edgerton Police Department's policies and training the department's officers. Defendants Randal Meehan, Barry Irman, Brian Strubin (correctly spelled "Struebin") and Timmothy Kittle (correctly spelled "Timothy") were employed by the Edgerton Police Department as Lieutenant, Detective, Sergeant and Officer, respectively. Defendant Karen Livengood is a probation officer for the state of

Wisconsin and was plaintiff's probation officer at all times relevant to this action. Defendant Michael Strizic served as plaintiff's counsel in the state criminal proceedings relevant to this action.

On the evening of March 13, 1994, plaintiff's wife Cheryl phoned the police and told them that plaintiff was pointing a gun at her. In reality, Ms. Copus had drawn a gun on plaintiff and he took it from her. Plaintiff picked up the phone and relayed this information to the police dispatcher while his wife left the house. Defendant Lieutenant Meehan arrived at the Copus home and arrested plaintiff for domestic violence. Plaintiff told Meehan what had transpired and pointed the officer to the handgun he had taken from Ms. Copus. Defendant Meehan retrieved the gun and also removed a dart gun from a closed file cabinet. As Meehan led plaintiff out of the house, he left both the handgun and the dart gun in the living room of plaintiff's house. Defendant Meehan informed plaintiff that his wife had also been arrested on domestic violence charges. Neither defendant Meehan nor any other officer informed plaintiff of his rights, including his Miranda rights.

En route to the police station, defendant Meehan and plaintiff observed defendants Kittle and Irman apprehending Ms. Copus, who was lying face down on the pavement wearing both wrist and feet restraints. Defendant Kittle was treating Ms. Copus in a harsh manner. Defendant Meehan stopped his car next to the other officers and defendant Kittle entered the car to drive plaintiff to the Rock County jail, where he charged plaintiff with disorderly conduct, domestic abuse and recklessly endangering safety.

While both plaintiff and Ms. Copus were detained, defendant Meehan entered plaintiff's home without permission or a warrant and searched the entire first floor. He removed several items from plaintiff's home and transported them to the Edgerton city jail. After Meehan met with defendants Irman and Kittle regarding the seized items, Irman phoned the Bureau of Alcohol, Tobacco and Firearms. On March 14, 1994, ATF agents came to the Edgerton jail and took possession of some of the items removed from plaintiff's home. The agents and defendant police officers conspired to use this evidence to prosecute plaintiff to deprive him of his liberty and income and to cover up the illegal arrest, search and seizure.

On March 16, 1994, Ms. Copus told the police that she had found a .45 caliber handgun hidden in the dining room of her and plaintiff's home. Defendant Struebin went to the house, where Ms. Copus told him that plaintiff had pointed the gun at her on the night of March 13, 1994. Struebin removed the gun from the home.

Defendant Livengood was assigned as plaintiff's probation officer shortly before March 13, 1994. On March 14, 1994, Livengood issued an order to detain plaintiff, falsely charging him with battery and consuming alcoholic beverages. Livengood became aware of the fact that plaintiff's constitutional rights had been violated but did nothing to rectify the violations. Instead, she used the fruits of the illegal search and seizure to prosecute plaintiff in a revocation proceeding.

Defendant Strizic was plaintiff's counsel in his state parole revocation proceedings and was aware of the warrantless search and seizure. Strizic did not communicate with plaintiff regarding the status of the actions against him. Strizic possessed information that would have exculpated plaintiff but ignored plaintiff's requests to provide this information to him. Strizic did not attend plaintiff's final revocation hearing.

### ADDITIONAL UNDISPUTED FACTS

For the purpose of deciding the City of Edgerton defendants' summary judgment motion, I find from the parties' proposed findings of fact and the record in plaintiffs federal criminal trial, Case No. 94–CR–29–C–1, that the following matters are not in dispute.

On October 13, 1994, a federal jury convicted plaintiff for unlawful possession of a machine gun in violation of 18 U.S.C. § 922(o)(1), unlawful possession of an unregistered silencer in violation of 26 U.S.C. § 5861(d) and manufacture of a destructive device in violation of 26 U.S.C. § 5861(f). Defendant Meehan had discovered and

seized a machine gun and silencer in his March 13, 1994 search of plaintiff's home. At plaintiffs federal criminal trial, the court entered both items into evidence as state exhibits 1 and 2, respectively, without objection from plaintiff's defense counsel. No other rifle or silencer were entered into evidence. The prosecution entered several additional items of evidence that were not seized from plaintiff's home.

## OPINION

### A. *Defendant Livengood*

The Court of Appeals for the Seventh Circuit held recently that a case analyst employed by the United States Parole Commission was entitled to absolute immunity in a suit alleging that she issued an arrest warrant for a parole violation without probable cause. *Walrath v. United States*, 35 F.3d 277, 282 (7th Cir.1994). In reaching its conclusion, the court of appeals relied on cases of the United States Supreme Court addressing the immunities available to prosecutors when they engage in conduct integrally related to the judicial process. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). In these cases, the court held that prosecutors are entitled to absolute immunity when they act as advocates for the state in preparing for and initiating a prosecution but are protected only by qualified immunity when engaged in investigatory conduct such as evidence gathering. *Buckley*, 509 U.S. at 272–73, 113 S.Ct. at 2615–16.

■ In determining whether an official is engaged in judicial conduct that is entitled to absolute rather than qualified immunity, the inquiry must focus on the nature of the function involved rather than the official's position. *Forrester v. White*, 484 U.S. 219, 229, 108 S.Ct. 538, 545, 98 L.Ed.2d 555 (1988). In *Walrath*, 35 F.3d at 282, the court of appeals concluded that the act of issuing an arrest warrant for a parole violation has many judicial characteristics. The official issuing the warrant must make a discretionary decision that probable cause exists to believe that a parole violation occurred. In reaching this decision, the official applies legal standards to evidence gathered by other government officials. This process is not similar to the function a police officer serves when investigating a subject and applying for an arrest warrant or a prosecutor serves when gathering evidence. *See Buckley*, 509 U.S. at 276, 113 S.Ct. at 2617 (rejecting absolute immunity defense of prosecutor accused of fabricating evidence at investigatory stage). In *Walrath*, 35 F.3d at 282, the court of appeals granted the parole official absolute immunity, relying specifically on the fact that she had not participated in gathering the evidence upon which her decision to issue the warrant was based.

■ Plaintiff's claim against defendant Livengood is indistinguishable from the suit dismissed in *Walrath*. The fact that Livengood is a probation officer and the defendant in *Walrath* was a case analyst for the parole commission is of little import because they engaged in substantially similar functions. Plaintiff contends that Livengood filed a detainer against him that was based on illegally seized evidence. He does not allege that Livengood participated in the improper gathering of this evidence. Nor does he allege that she applied for the detainer to a third-party decision maker, similar to a police officer who applies for an arrest warrant. Instead, plaintiff alleges that Livengood relied on the evidence gathered by the Edgerton defendants to reach a discretionary and unilateral decision to order his arrest. This is exactly the type of conduct the court of appeals found to be judicial in nature and therefore entitled to absolute immunity. *Id.* (citing *Buckley*, 509 U.S. at 273, 113 S.Ct. at 2615–16). Plaintiff's claim against defendant Livengood will be dismissed for lack of jurisdiction under Fed.R.Civ.P. 12(b)(2).

### B. *Defendant Strizic*

Two elements are necessary for recovery under 42 U.S.C. § 1983: a plaintiff must show that the defendant deprived him of a right secured by the Constitution or laws of the United States and that the defendant acted under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Soldal v.*

*County of Cook,* 942 F.2d 1073, 1074 (7th Cir.1991), *rev'd on other grounds,* 506 U.S. 56, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992). In his claim against defendant Strizic, plaintiff meets the first requirement. He contends that Strizic's representation denied him effective assistance of counsel, which is guaranteed by the Sixth Amendment to the United States Constitution. The second requirement provides a more substantial hurdle for plaintiff.

■ It is well settled that a public defender does not act under color of state law for the purpose of § 1983 when providing representation to an indigent client. *Polk County v. Dodson,* 454 U.S. 312, 317, 102 S.Ct. 445, 449, 70 L.Ed.2d 509 (1981); *Sceifers v. Trigg,* 46 F.3d 701, 704 (7th Cir.1995). In *Polk County,* the Supreme Court held that an unsuccessful state criminal defendant could not bring a federal § 1983 action against his state public defender for denying his Sixth Amendment right to counsel. Plaintiff makes several vain attempts to distinguish this substantially identical case. He argues that the *Polk County* line of cases do not control because they all involved public defenders and defendant Strizic was a court appointed counsel. The fact that Strizic was not a full-time employee of the state actually makes it *less* likely that Strizic acted under color of state law. *See Polk County,* 454 U.S. at 333 n. 4, 102 S.Ct. at 458 n. 4 (Blackmun, J., dissenting) (recognizing that state exerts far more control over public defenders than over court appointed attorneys). Plaintiff contends that *Polk County* does not apply because Strizic took no action on behalf of plaintiff and therefore was not actually acting as his attorney, but it takes more than an accusation of inaction to turn a court appointed attorney into a state actor subject to suit under § 1983. *Sceifers,* 46 F.3d at 704 (citing *Polk County,* 454 U.S. at 317 n. 4, 102 S.Ct. at 449).

■ Finally, plaintiff contends that defendant Strizic is subject to suit under § 1983 because he entered into a conspiracy with defendant Edgerton police officers to deprive plaintiff of his constitutional rights. Private parties are liable under § 1983 if they have reached an agreement with a state actor to violate an individual's constitutional rights. *Adickes,* 398 U.S. at 152, 90 S.Ct. at 1605–06; *Soldal,* 942 F.2d at 1075. However, this doctrine does not aid plaintiff because he made no allegations in his complaint that defendant Strizic conspired with anyone. The allegations in his brief do not cure the deficiency; the rule that courts must construe pro se complaints liberally does not mean that they are to treat allegations in a subsequent brief as part of the complaint.

■ Even if the complaint contained the conspiracy allegations plaintiff now makes or if it were to be amended to include those allegations, plaintiff's § 1983 claim against defendant Strizic would fail. Plaintiff makes only general allegations in his brief that Strizic conspired with state actors and mere allegations of conspiracy are not sufficient to withstand a motion to dismiss. *Moore v. The Marketplace Restaurant, Inc.,* 754 F.2d 1336, 1352 (7th Cir.1985). To sustain a § 1983 action against a private individual, a plaintiff must allege in his complaint some evidence of a concerted plan or agreement between the private party and the government officials. *Id.* at 1352–53. Plaintiff fail to provide any such allegations.

Plaintiff's conspiracy claim against defendant Strizic fails for a more fundamental reason as well. Any theory that Strizic conspired with the other defendants to deprive plaintiff of constitutional rights hinges on a finding that the March 13 search and arrest violated the Constitution. As discussed below, such a finding would question the validity of plaintiff's criminal conviction and is barred therefore by *Heck,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383.

■ Defendant Strizic asks this court to find plaintiff's claim against him frivolous and award him attorney fees for defending this action, presumably under 42 U.S.C. § 1988. However, defendant Strizic has acted pro se in defending this suit and is therefore not eligible for an award of attorney fees. *Kay v. Ehrler,* 499 U.S. 432, 438, 111 S.Ct. 1435, 1438, 113 L.Ed.2d 486 (1991) (pro se defendant may not be awarded attorney's fees under § 1988). This is true even though Strizic is a practicing lawyer. *Id.* Defendant

Strizic's request for attorney fees will be denied.

### C. *City of Edgerton Defendants*

When an individual seeks § 1983 relief, the court must determine whether judgment in favor of the prisoner would necessarily imply the invalidity of a currently valid conviction or sentence. If it would, the claim must be dismissed without prejudice. *Heck,* 512 U.S. at 487, 114 S.Ct. at 2372–73, *Copus,* 96 F.3d at 1039. However, a § 1983 claim challenging the legality of a search is not barred merely because the fruits of that search are introduced in a criminal trial that leads to conviction. *Heck,* 512 U.S. at 487 n. 7, 114 S.Ct. at 2373 n. 7. A ruling that the search was illegal would not invalidate the subsequent conviction if the evidence would have been admissible at trial under the independent source or inevitable discovery doctrines or if admission of the evidence was harmless error. *Id.; Simpson v. Rowan,* 73 F.3d 134, 136 (7th Cir.1995). The proper consideration under *Heck* is whether the challenged conduct had an effect on plaintiff's custody. *Copus,* 96 F.3d at 1039.

Plaintiff seeks to recover from the City of Edgerton defendants for an allegedly illegal arrest, illegal search and malicious prosecution. Plaintiff accuses defendants of conspiring to use the fruits of the arrest and search to convict him and alleges that he suffered a loss of income and property as a result of his subsequent conviction. A plain reading of the complaint reveals that plaintiff seeks to recover for damages that resulted from his conviction. Such a claim questions the validity of his conviction and is barred under *Heck,* 512 U.S. at 487, 114 S.Ct. at 2372–73. For the same reason, plaintiff's malicious prosecution claim against the City of Edgerton defendants must be dismissed. A plaintiff pursuing such a claim must demonstrate that the proceeding resulting from defendants' malicious prosecution terminated in plaintiff's favor. *Id.* at 484, 114 S.Ct. at 2371. Plaintiff has not met this burden. In fact, he admits that defendants' conduct resulted in a federal conviction.

In light of the court of appeals' opinion remanding this matter, plaintiff has recharacterized his claim, arguing that he seeks relief for the harm caused by the arrest and search independent of his conviction. Regardless, plaintiff still requests a ruling that his arrest and the subsequent searches of his home were illegal. Such a ruling necessarily draws into question the validity of his conviction. The March 13, 1994 arrest and search resulted in the seizure of a machine gun and silencer that were the basis for plaintiff's subsequent possession convictions. If the items were discovered and seized in violation of the Fourth Amendment, as plaintiff contends, the evidence should have been excluded from his criminal trial. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Plaintiff has not argued that the machine gun and silencer would have been admissible regardless of the alleged Fourth Amendment violation. He cannot contend that admission of the evidence was harmless error, given the centrality of the items to the possession charges at issue. Plaintiff's claims against the City of Edgerton defendants that challenge the constitutionality of his March 13, 1994 arrest and the subsequent search of his home implicate the validity of his federal weapons possession conviction and are barred under *Heck,* 512 U.S. at 487, 114 S.Ct. at 2372–73. These claims will be dismissed without prejudice.

### ORDER

IT IS ORDERED that defendants Karen Livengood's and Michael Strizic's motions to dismiss are GRANTED. FURTHER IT IS ORDERED that the motion for summary judgment of defendants City of Edgerton, Keith Burdick, Randall Meehan, Barry Irman, Brian Struebin and Timothy Kittle is GRANTED. The clerk of court is instructed to enter judgment for defendants and close this case.