Adrin R. MOORE, Plaintiff–Appellant,

v.

Jerry PEMBERTON, et al.,
Defendants–Appellees.

No. 96–3715.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 21, 1997.

Decided March 24, 1997.

Adrin R. Moore (submitted on briefs), Plainfield, IN, pro se.

Before CUMMINGS, EASTERBROOK, and KANNE, Circuit Judges.

PER CURIAM.

A state prisoner, disciplined for an infraction of prison rules, filed a complaint under 42 U.S.C. § 1983. He lost and now asks us to issue a certificate of appealability—which is not required in § 1983 litigation. A series of procedural missteps led to this request, and we hope that pointing them out will prevent their repetition.

Moore's complaint relates the penalty meted out by the disciplinary board:

The sanctions imposed were: A) Verbal reprimand; B) Loss of privileges, two (2) weeks commissary restrictions 8/14/95 & 8/28/95; and C) Disciplinary Segregation, 15 days segregation suspended.

He contends that the discipline violates the due process clause of the fourteenth amendment because he was not an inmate of the prison on the date specified in the disciplinary ticket—in other words, that not even a scintilla of evidence could support the charge. *See Superintendent of Walpole v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). His complaint asks for compensatory damages of $3.5 million, punitive damages of $39,000 against each of nine defendants, a declaratory judgment that the defendants violated the Constitution and state law, and an injunction requiring the defendants to expunge his prison record of any reference to the incident.

█ A demand for $3,851,000 in damages on account of a verbal reprimand plus inability to buy snacks at the commissary for two weeks ("suspended" disciplinary segregation meant that Moore remained in his regular cell) shows that this suit is malicious. It is frivolous too: Moore did not lose any liberty or property, so the due process clause simply does not apply. *Sandin v. Conner*, —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir.1996). Whatever rights Moore had under Indiana law should be asserted in state court. But instead of immediately dismissing the complaint under 28 U.S.C. § 1915A(b)(1), the district judge issued a five-page opinion that gives the lack of a liberty or property interest as only one possibility.

█ Instead of ruling on the merits, the court gave Moore "a reasonable period to channel his claims into a *habeas* action, framing them in terms of any violation of the procedural protections established in *Wolff* [*v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)], or in terms of the evidentiary requirement of *Hill*." Moore accepted this invitation, but the judge swiftly dismissed the amended pleading on the ground that "the sanctions which the petitioner suffered as the result of the disciplinary proceedings ... did not even arguably constitute an atypical and significant hardship in relation to the ordinary incidents of prison life. Absent such a loss, the petitioner has simply not suffered the kind of loss which warrants due process protections." This order, which relied on *Sandin*, is a decision on the merits of the kind that should have followed hard on the heels of the filing under § 1983. As a petition for a writ of habeas corpus, Moore's claim suffers from a deeper defect, which should have prevented the judge from resolving the claim. Moore does not seek release from custody and therefore cannot proceed under 28 U.S.C. § 2254. It is not enough to be "in custody"; unless one is attacking the legality, duration, or (rarely) severity of that custody, a petition under § 2254 is improper. *See Wolff*, 418 U.S. at 554–55, 94 S.Ct. at 2973–74; *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Graham v. Broglin*, 922 F.2d 379 (7th Cir.1991); *Viens v. Daniels*, 871 F.2d 1328 (7th Cir.1989). This is something the judge should have considered before inducing Moore to replace his complaint under § 1983 with a petition under § 2254: the step converted a weak civil suit into an untenable demand for collateral review.

Swift loss is not the only consequence of turning a § 1983 suit into a quest for collateral review. (1) The proper parties to § 1983 and § 2254 litigation differ. The right respondent in a § 2254 action is the warden of the prison; the right defendants in a § 1983 suit are the persons whose wrongful acts harmed the plaintiff (and the warden is rarely a proper defendant, because he is not vicariously liable for subordinates' acts). A change of parties in midcase has the poten-

tial to surprise the original defendants if the court of appeals later determines that a damages action was proper. Their position will not have been heard. (2) To obtain appellate review of an adverse decision under § 1983, the plaintiff files a notice of appeal, which may be dismissed only if not taken in good faith, 28 U.S.C. § 1915(a)(3), or if it fails to satisfy § 1915(e)(2)(B) because, for example, it is frivolous. To obtain review of an adverse decision under § 2254, however, the petitioner needs a certificate of appealability, the standard for which—a "substantial showing of the denial of a constitutional right", 28 U.S.C. § 2253(c)—is considerably higher. (3) A person appealing from the denial of a petition under § 2254 is not subject to the requirement of the Prison Litigation Reform Act that the filing and docket fees be prepaid from the prison trust account. *Martin v. United States,* 96 F.3d 853, 855–56 (7th Cir. 1996).(4) An adverse decision on a petition for habeas corpus forecloses any second or successive request for that writ, unless the court of appeals gives advance approval under a restrictive standard. 28 U.S.C. § 2244(b). (5) An adverse decision in litigation under § 1983 may count toward the three strikes allowed by 28 U.S.C. § 1915(g) before the prisoner loses his ability to proceed *in forma pauperis,* but an adverse decision under § 2254 cannot have this effect.

Because of these and other differences (including the potential application of *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)), we directed district judges in *Copus v. Edgerton,* 96 F.3d 1038 (7th Cir.1996), not to convert § 1983 actions into petitions for collateral review. Moore's case was not technically converted by the court—and the judge issued his invitation before we released *Copus*—but the judge made it clear that only a petition under § 2254 had any hope of success. When Moore took the bait the judge at once terminated the action, giving a reason pertinent only to litigation under § 1983. This is the functional equivalent of a judicial conversion, inappropriate for the reasons given above and in *Copus* (which issued only nine days before the conversion here, and which therefore may not yet have come to the judge's attention). Adherence to both the letter and the spirit of *Copus* is important to avoid confusion, waste of both litigants' and judicial time, and the potential for an unwarranted loss of what may be a proper § 1983 suit.

■ This case began under § 1983, and we now treat it as a suit for damages. A certificate of appealability is unnecessary. Because this is a civil action, however, Moore owes the $105 fee for filing and docketing an appeal. This cannot take him by surprise, because despite the contrary holding in *Martin* the district court informed Moore that he must pay $105 to appeal an adverse decision even in an action under § 2254.

We could remand so that the district judge may make a finding whether the appeal has been taken in good faith. 28 U.S.C. § 1915(a)(3). Yet this case has already consumed more than enough judicial time. It is transparently frivolous, just as a similar appeal in *Abdul–Wadood* was deemed frivolous. Because it is frivolous, it also counts as a "strike" under § 1915(g). Moore's motion for a certificate of appealability is denied as unnecessary. His motion for appointment of counsel is denied. Appellate fees of $105 are assessed, and must be collected by the district court from Moore's prison trust account. The appeal is dismissed as frivolous on the authority of § 1915(e)(2)(B).