114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James H. HIGGASON, Jr., Plaintiff-Appellant,
v.
Norman COTTRELL, et al., Defendants-Appellees.
 No. 96-3949.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 22, 1997.*
Decided May 22, 1997.
 
 Before POSNER, Chief Circuit Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 James Higgason is an inmate at Indiana's Wabash Valley Correctional Institution. The district court dismissed as frivolous his civil rights action filed under 42 U.S.C. § 1983, in which he complains that he has a Fourth and Eighth Amendment privacy right to be naked in his cell when sleeping, washing, using the toilet and masturbating. See 28 U.S.C. § 1915(d). Higgason's appeal of the denial of this claim is obviously frivolous. The Fourth Amendment does not extend to an inmate's cell. Hudson v. Palmer, 468 U.S. 517, 525-28 (1984); Johnson v. Phelan, 69 F.3d 144, 146 (7th Cir.1995). The Eighth Amendment is also irrelevant. For an inmate to prevail on a claim of cruel and unusual punishment, he must establish a deprivation that is "objectively, 'sufficiently serious' " Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citation omitted), resulting in the "denial of 'the minimal civilized measure of life's necessities.' " Id. (citation omitted). Higgason's claims do not even begin to approach this threshold.
 
 
 2
 The district court noted that Higgason had presented the same claims on two previous occasions, and each time the case was judged "legally frivolous." See Higgason v. Cottrell, IP 95-528-C-B/S (S.D.Ind. May 18, 1995) and Higgason v. Cottrell, TH 95-133-C-T/H (S.D.Ind. August 10, 1995). We also observe that Higgason filed an appeal in this court that was determined to be frivolous, see Higgason v. Barnes, No. 95-3175, (7th Cir. Aug. 1, 1996). Higgason, therefore, accrued three "strikes" before even filing the present frivolous action and is thereby stripped of in forma pauperis status. See 28 U.S.C. § 1915(g); see also Moore v. Pemberton, 110 F.3d 22 (7th Cir.1997) ("[This case] is transparently frivolous.... Because it is frivolous, it also counts as a "strike" under § 1915(g)."); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996).
 
 
 3
 AFFIRMED.
 
 
 
 *
 On January 15, 1997, this court granted the appellees' Motion for an Order of Non-Involvement Due to Lack of Service in the Trial Court. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)