William **STAPLES**, Plaintiff–Appellant,

v.

Steven B. **CASPERSON**, et al., Defendants–Appellees.

No. 00–3855.

United States Court of Appeals, Seventh Circuit.

Submitted April 30, 2001.*

Decided May 2, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a).

Before Hon. MICHAEL S. KANNE, Hon. ILANA DIAMOND ROVNER, Hon. ANN CLAIRE WILLIAMS, Circuit Judges.

## ORDER

Wisconsin prisoner William Staples brought this suit under 42 U.S .C. § 1983 against the head of the Wisconsin Department of Corrections ("DOC") and several prison employees, alleging a litany of complaints. During the initial screening of Staples's complaint, the district court dismissed the suit under 28 U.S.C. § 1915A for failure to state a claim upon which relief could be granted and assessed a strike against Staples pursuant to 28 U.S.C. § 1915(g). Staples now appeals, and we affirm in part and vacate and remand in part.

In his complaint, he alleges that the head of the DOC and several prison employees violated his rights by (1) refusing him state-mandated exercise privileges during his first six days in prison; (2) housing him with two other inmates in a cell too small to meet state health standards; (3) stopping three pieces of outgoing legal mail in violation of DOC regulations; (4) denying his request to see a copy of a prison policy concerning inmate identification cards; (5) conspiring "one way or other" to undermine the prison grievance system; (6) punishing him with "program segregation" following a disciplinary hearing where he wasn't permitted to call the complaining guard as a witness; (7) preventing inmates in program segregation from leaving their cells or passing legal materials to others; (8) confining inmates who incur frequent, minor disciplinary cases in a "more restrictive setting" than allowed by DOC regulations; and (9) withholding his walking cane during periods of confinement in temporary lockup and program segregation.

■ Except as to his claim concerning the fairness of his disciplinary hearing, Staples simply contends here that the district court erred in dismissing his suit because, according to Staples, mandatory language in portions of the Wisconsin administrative code applicable to the DOC creates rights that are protected by the Due Process Clause. Staples argues that the defendants violated these mandatory DOC regulations, and thus his complaint states valid due process claims. This argument must be rejected because, under the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 481–83, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), federal courts no longer solely examine the mandatory nature of language in state regulations to determine whether a particular regulation creates a protected liberty interest. *Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir.1997). Instead, a prisoner is entitled to due process protections only when a prison employee's action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Staples does not even attempt to argue that the defendants in this case imposed upon him "atypical and significant hardship[s]" by failing to comply with DOC regulations. Moreover, to the extent that Staples is alleging that the defendants denied him due process by not following prison regulations, § 1983 does not provide a means to remedy violations of state law. *See Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir.1996). Thus, we affirm the dismissal of Staples's complaint except as to his claim concerning his disciplinary hearing.

On the remaining claim, Staples does allege in his appellate brief that as a result of a disciplinary proceeding, at which one of the defendants refused to let him question the officer who wrote the conduct report, his mandatory release date was extended from July 29, 2001 to August 6, 2001. Pursuant to DOC regulation 303.84(g), whenever a prisoner is sentenced to segregation for violating a disciplinary rule, that inmate's mandatory release date is "extended by the number of days equal to 50% of the number of days spent in ... segregation." Staples alleges that he served sixteen days in segregation as a result of the disciplinary proceeding, and therefore eight days were subtracted from his mandatory release date. Because the duration of his sentence was increased due to the outcome of the disciplinary proceeding, he argues, the disciplinary hearing implicated a liberty interest for which he was entitled to due process protection, including the qualified right to call witnesses.

■ In his complaint, Staples did not allege that the length of his sentence was affected by the result of the disciplinary hearing, and so the district court understandably dismissed this claim under *Sandin*. Nevertheless, when examining whether a complaint states a claim "we also consider any additional consistent facts" presented on appeal. *Brokaw v. Mercer County*, 235 F.3d 1000, 1006 (7th Cir.2000). Given the new information regarding the effect of the disciplinary hearing on the length of Staples's confinement in prison, it is now clear that Staples met the statutory "in custody" requirement necessary to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254, *see Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam), and was required to proceed if at all using that remedy, *see Moran v. Sondalle*, 218 F.3d 647, 650–51 (7th Cir.2000). When a pro se prisoner files a mislabeled civil action that should have been filed under the habeas corpus statute, the suit should not be converted into a habeas corpus action and decided on the merits. *See*

*Moore v. Pemberton,* 110 F.3d 22, 23–24 (7th Cir.1997); *Copus v. City of Edgerton,* 96 F.3d 1038, 1039 (7th Cir.1996). Due to the differences in procedural requirements and possible penalties in filing a suit under § 1983 versus a petition under § 2254, dismissing the prisoner's suit without prejudice is the proper action, thereby allowing the inmate to decide whether to file a petition for habeas corpus relief. *See Pischke v. Litscher,* 178 F.3d 497, 500 (7th Cir.1999).

Accordingly, we VACATE that part of the district court's order dismissing Staples's due process claim challenging the exclusion of the complaining guard from the disciplinary hearing and REMAND the case to the district court to dismiss that claim without prejudice. Should Staples decide to proceed under § 2254, he may file a properly labeled petition. We AFFIRM the district court's dismissal of the remainder of Staples's claims.