James **ARNETT**, et al., Plaintiffs–Appellants,

v.

George **KEMP**, et al., Defendants–Appellees.

No. 03–4299.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 20, 2004.[*]

Decided Dec. 28, 2004.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

James B. Arnett, Fort Wayne, IN, pro se.

Steve Carter, Joby Jerrells, Office of the Attorney General, Indianapolis, IN, for Defendants–Appellees.

Before COFFEY, EASTERBROOK and MANION, Circuit Judges.

### Order

While awaiting release on parole, James Arnett filed this action under 42 U.S.C. § 1983. His wife Ann and their son Nehemiah also are listed as plaintiffs, but their presence does not affect the analysis. Arnett contended that Indiana would enforce a standard condition of parole for violent sex offenders: that the parolee have no contact with children, unless the parole board approves or the offender completes a treatment program. Ind.Code § 11–13–3–4(g)(1)(B). Arnett, who had been convicted of raping his former fiancée, enrolled in a treatment program but had been thrown out for discussing his religious beliefs. That left the no-contact condition in place, requiring him to have no contact with his son for the six years of his parole's scheduled duration—and to live apart from his wife, since she takes care of their child. Keeping family members separate would violate the constitutional rights of all three, the complaint contended. Arnett asked for a preliminary injunction, and when the district court denied this on procedural grounds (deeming preliminary relief precipitate), Arnett immediately appealed. While the appeal was pending, Arnett was released.

The record does not show whether Arnett has asked the board for permission to live with his son under Ind.Code § 11–13–3–4(g)(1)(B)(i), and, if he did so, what answer it gave. Before release from prison he did send a letter to a parole officer and received the answer that no contact with minors is a uniform condition of parole for sex offenders, but the statute expressly authorizes the board to make exceptions, and it is not clear whether (since his release) Arnett has made a proper application directly to the board. This also means that we also do not know whether there is a live case or controversy. The state's brief does not address this but does suggest that Arnett's parole has been or is being revoked; if so, then the controversy is moot unless it is apt to recur when next Arnett becomes eligible. These matters require consideration before the merits can be taken up.

There is, moreover, another procedural obstacle. Parole is a form of custody, and a person seeking federal review of the terms of state custody must proceed under 28 U.S.C. § 2254, not under 42 U.S.C. § 1983. See, e.g., *Williams v. Wisconsin*, 336 F.3d 576, 579–80 (7th Cir.2003); *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir.1977). One important difference between the two statutes is that § 2254 requires exhaustion of all available state remedies—an important step here, for exhaustion would enable the parole board to consider whether approval under § 11–13–3–4(g)(1)(B)(i) is appropriate—and, if the board refuses to exercise its discretion under the statute, a state court might be inclined to inquire into that decision as a

matter of state law. Although Arnett commenced this litigation while in prison awaiting release on parole, § 2254 permits a prisoner to challenge a future period of custody. See *Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). So there was no obstacle to using § 2254.

We vacate the judgment of the district court and remand with instructions to dismiss the suit. (The district court must dismiss outright; § 1983 suits cannot be converted into § 2254 proceedings. See *Copus v. Edgerton,* 96 F.3d 1038 (7th Cir. 1996).) Any new proceeding under § 2254 must satisfy all requirements applicable to collateral litigation under that statute and other provisions of the Antiterrorism and Effective Death Penalty Act of 1996, and Arnett must demonstrate that there is a live controversy. If such a proceeding is filed, and if it then presents a case or controversy under Article III, the district court should give it expedited consideration to reduce the duration of any improper interference with family life. Cf. *Zablocki v. Redhail,* 434 U.S. 374, 98 S.Ct. 673, 54 L.Ed.2d 618 (1978). The district judge may think it prudent to recruit counsel for Arnett, given the potential legal difficulties (and potential precedential importance) of the claim he presents.

VACATED AND REMANDED