In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 07-1820

BOBBY MARVIN COLLINS,

*Petitioner-Appellant,*

*v.*

CAROL HOLINKA, Warden, Federal Correctional
Institution at Oxford, Wisconsin,

*Respondent-Appellee.*

———————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 07-C-130-C—**Barbara B. Crabb**, *Chief Judge.*

———————

SUBMITTED AUGUST 21, 2007—DECIDED DECEMBER 6, 2007[Œ]

———————

Before EASTERBROOK, *Chief Judge*, and BAUER and
MANION, *Circuit Judges*.

PER CURIAM.  Bobby Collins, an inmate of the Federal
Correctional Institution in Oxford, Wisconsin, filed in
the Western District of Wisconsin a petition for a writ of
habeas corpus under 28 U.S.C. §2241. The district court
concluded that this petition should have been filed under
28 U.S.C. §2255, because it challenges the validity of
Collins's conviction, and dismissed it (rather than transfer-

———————

[Œ] The court initially released this disposition as a nonpreceden-
tial order but has decided to revise and reissue it as an opinion.

ring it to the District of Minnesota, the right venue under §2255) because Collins has already filed and lost under §2255.

Two assumptions appear to lie behind this ruling. One is that §2241 deals only with conditions of confinement and cannot be used to contest a conviction's validity. That is incorrect; §2241 by its terms covers any claim for release by a person who contends that his custody violates the Constitution or laws of the United States. Until 1948, when §2255 was enacted, §2241 was the normal means of obtaining collateral review of federal convictions. Congress did not amend or repeal §2241 when §2255 was enacted—though paragraph 5 of §2255 makes that section the exclusive remedy unless "the remedy by motion is inadequate or ineffective to test the legality of his detention."

The district court's other assumption is that the statutory limits on the number of actions invoking §2255, and the requirement of appellate approval for successive motions, also apply to proceedings under §2241. That assumption is inconsistent with *Felker v. Turpin*, 518 U.S. 651 (1996), which holds that changes made by the Antiterrorism and Effective Death Penalty Act of 1996 do not apply to proceedings under §2241. See also, e.g., *Valona v. United States*, 138 F.3d 693 (7th Cir. 1998).

This is a genuine proceeding under §2241. Collins is in federal custody; the action was filed, against his custodian, in the district of custody. It cannot be treated as an action under §2255, because only the District of Minnesota may entertain such an action. Moreover, both the Supreme Court in *Felker* and this court in several opinions have held that judges must respect the plaintiff's choice of statute to invoke—whether §2241, §2255, or 42 U.S.C. §1983—and give the action the treatment appropriate under that law. See, e.g., *Copus v. Edgerton*, 96 F.3d 1038 (7th Cir. 1996).

A motion in a criminal case—whether nominally under Fed. R. Crim. P. 33, or bearing an ancient title such as coram vobis or audita querela—may be treated as one under §2255, because the caption on a document does not matter. (Section 2255 itself authorizes motions in the original criminal case.) See, e.g., *Melton v. United States*, 359 F.3d 855 (7th Cir. 2004). *Castro v. United States*, 540 U.S. 375 (2003), adds that before reclassifying a proceeding as one under §2255, the district judge first must alert the prisoner to the consequences of this step and give him an opportunity to withdraw the request. Cf. *Gonzalez v. Crosby*, 545 U.S. 524 (2005) (motion nominally under Fed. R. Civ. P. 60(b) in an action seeking collateral relief may be treated as a successive request for collateral relief if it directly challenges the validity of the conviction or sentence). But §2241 and for that matter §1983 authorize distinct forms of relief in specific courts. Persons who initiate independent litigation are entitled to have it resolved under the grant of authority they choose to invoke.

Collins contends that he is entitled to relief under §2241. If, as seems likely, §2255 offered him one full and fair opportunity to contest his conviction in Minnesota, then the §2241 action must be dismissed under §2255 ¶5. But if for some reason §2255 did not offer Collins an opportunity to test the validity of his conviction, and he presents a claim of actual innocence, then the district court must entertain this §2241 action on the merits. Compare *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), with *Taylor v. Gilkey*, 314 F.3d 832 (7th Cir. 2002).

VACATED AND REMANDED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*