NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 8, 2014*
Decided May 7, 2014

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 13-3173 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| DONALD S. LACY, *Plaintiff-Appellant*, | |
| *v.* | No. 1:13-cv-811-RLY-DML |
| STATE OF INDIANA, *et al.*, *Defendants-Appellees*. | Richard L. Young, *Chief Judge*. |

**Order**

Donald Lacy was convicted of child molestation and sentenced to eight years in prison. He continues to maintain his innocence and has refused to participate in Indiana's Sex Offender Management and Monitoring Program, which requires participants to admit their misconduct as part of a plan of therapy. Participants must admit not only

---

* Defendants were not served with process in the district court and have elected not to participate in this appeal. After examining appellant's brief and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

the crimes of which they have been convicted but also all other sexual misconduct, including acts that still could be prosecuted. Apart from the possibility of being prosecuted for other sex-related crimes, Lacy, who testified in his own defense at trial, could be prosecuted for perjury if he now admits that he committed the acts charged, and thus that he lied under oath when testifying otherwise.

Lacy maintains that the consequences of his refusal to admit culpability include loss of good-time credits, a reduction in credit-earning class, and deferral of parole eligibility. He contends that attaching these consequences to a refusal to admit criminal acts violates the self-incrimination clause of the Constitution's fifth amendment, applied to the states by the due process clause of the fourteenth amendment. Although *McKune v. Lile*, 536 U.S. 24 (2002), holds that a state does not violate the Constitution by providing benefits to inmates who admit their crimes as part of a program similar to Indiana's, it adds that "compulsory" participation is forbidden and that postponement of an earned release date may make participation effectively compulsory.

Lacy filed a civil action under 42 U.S.C. §1983, asking the district court to direct the warden and other responsible officials to restore his good-time credits and to treat him no worse than the state would have done had he participated. The district judge screened the complaint under 28 U.S.C. §1915A and dismissed, ruling that it fails to state a claim on which relief may be granted. The judge relied on *Entzi v. Redmann*, 485 F.3d 998, 1004 (8th Cir. 2007), which he understood to hold that, when a state has discretion over a prisoner's release (in *Entzi*, by extending or revoking probation), exercising that discretion does not make self-accusation compulsory for the purpose of *McKune* and the fifth amendment. On appeal, Lacy contends that Indiana's good-time-credit system is not discretionary—that he is entitled to credits unless he misbehaves, and that exercising his privilege not to admit a crime cannot be deemed misconduct.

Far from deciding that states are entitled to revoke good-time credits of prisoners who refuse to incriminate themselves, *Entzi* observed that, unless a state or federal court first restores the credits in an action under 28 U.S.C. §2254 (or the equivalent state remedy), the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), forecloses resort to §1983. That is equally true here to the extent that Lacy wants damages. And to the extent that he seeks earlier release, he has chosen the wrong kind of suit. Section 1983 does not allow a federal court to change a prisoner's release date. That remedy is available only by petition under §2254. See *Preiser v. Rodriguez*, 411 U.S. 475 (1973). We held in *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001), that *Preiser* applies to any request for the restoration of good-time credits or placement in a higher credit-earning class.

*Preiser* and *Montgomery* foreclose this §1983 action. A court cannot on its own convert a §1983 suit to one under §2254; the two kinds of actions have different conditions, different defendants (or respondents), and different consequences on either success or an adverse outcome. See, e.g., *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997); *Copus v. Edgerton*, 96 F.3d 1038 (7th Cir. 1996). A district judge might ask a litigant whether he is willing to accept the risks and consequences of a different procedural form, see *Castro v. United States*, 540 U.S. 375, 382–83 (2003); *Glaus v. Anderson*, 408 F.3d 382, 388–89 (7th Cir. 2005), but the district judge did not ask Lacy.

The judgment of the district court is vacated, and the case is remanded with instructions to ask Lacy whether he is willing to dismiss all defendants other than the warden, forego his request for damages, and have the suit treated as a petition under §2254. If Lacy agrees to that approach, the district judge should consider how *McKune* applies to the particular consequences that Indiana attaches to a refusal to participate in its Sex Offender Management and Monitoring Program, a question that is open in this circuit (and to which *Entzi* and similar decisions do not speak). It might be prudent for the district judge to appoint counsel under the Criminal Justice Act, 18 U.S.C. §3006A(a)(2)(B), so that this subject can be fully briefed and any necessary evidence presented. If Lacy does not agree to proceed under §2254, the suit should be dismissed without prejudice.