NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2016[*]
Decided July 22, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1371

| | |
|---|---|
| TIMOTHY B. WILKS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 15-C-0254 |
| | |
| ROBERT RYMARKIEWICZ, et al., | C.N. Clevert, Jr., |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Timothy Wilks, a Wisconsin inmate, brought this suit under 42 U.S.C. § 1983 against prison officials, challenging a disciplinary conviction and seeking, among other things, damages and the restoration of good-time credits. The district court dismissed Wilks's suit with prejudice at screening for failure to state a claim. Because a judgment in Wilks's favor would necessarily imply that he wrongly lost good-time credits, and

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. See FED. R. APP. P. 34(a)(2).

Wilks may challenge that loss only through a habeas petition, we conclude that dismissal was appropriate. We therefore affirm the judgment, but modify the dismissal of his claims challenging the loss of good-time credits to be without prejudice.

Our account of the facts is based on Wilks's complaint, which we accept as true for purposes of this appeal. See *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). The chain of events leading to this lawsuit began with a dispute over a work assignment in early 2012. A guard asked Wilks to write on a work-placement form whether he was willing to take a job in the prison's food-services department. The guard explained that Wilks could turn down the work assignment but that he would lose certain recreational and housing privileges if he did so. Wilks wrote on the form that he accepted the assignment but that he did so "under duress."

The next day, Wilks got into a dispute that led to a conduct report. A guard told Wilks that he had to sign a new work-placement form agreeing to work in food services—this time, without adding comments. The guard warned that if Wilks added comments on the new form, he would lose privileges. Wilks asked for a copy of the form he had already signed because he thought it was evidence that prison officials were coercing him into accepting a work assignment. The guard told him that he could not have that form and ordered him to return to his cell if he did not want to sign a new one. Wilks asked to talk to a captain, and the guard again ordered him to return to his cell. When Wilks instead repeated his request to another nearby staff member, the guard issued a conduct report charging Wilks with disobeying the order to return to his cell. See WIS. ADMIN. CODE DOC § 303.24 (2012).

Wilks was convicted after an abridged disciplinary hearing and lost good-conduct credit. The security director classified his disobedience as a "major offense" because it "created a risk of serious disruption at the institution." See WIS. ADMIN. CODE DOC § 303.68(4)(c) (2012). This classification entitled Wilks to a "major" disciplinary hearing, which includes several procedural rights, such as the right to a staff advocate and to confront witnesses. Compare *id.* § 303.76 (2012) (setting forth hearing procedures for major offenses), with *id.* § 303.75 (2012) (describing hearing procedures for minor offenses). An inmate charged with a major offense may, however, waive the right to a major disciplinary hearing. See *id.* § 303.76(2) (2012). Wilks did so by signing a waiver that warned him of the procedural rights he was giving up and the penalties he was facing. He alleges that he signed the waiver only because prison officials would not provide him with the completed work-placement form, which he wanted for his defense. Soon after he signed the waiver, however, Wilks obtained a copy of that form,

and he sought to withdraw the waiver. The security director rejected the request. See *id.* (stating that "waiver may not be retracted without the security director's approval"). At his abridged hearing, Wilks maintained his innocence but was found guilty of disobeying the guard's order. The prison disciplined him by, among other things, placing him in segregation for 45 days and rescinding 20 days of good time.

After exhausting his administrative remedies, Wilks brought this suit to restore his good-conduct credit and get damages. He raised three claims that he continues to pursue on appeal; all three dispute the validity of the disciplinary conviction. He asserted first that he had not disobeyed an order. Second, he contended that, because the guard issued the conduct report in retaliation for his comments on the work-placement form, his disciplinary conviction violates the First Amendment. Finally, he argued that the disciplinary hearing denied him due process because he was not permitted to withdraw his waiver and was unable to timely obtain his work-placement form to use at the hearing.

The district judge dismissed Wilks's suit with prejudice at screening for failure to state a claim. See 28 U.S.C. § 1915A(b)(1). (The judge did not specify whether the dismissal was with or without prejudice, but the judge's silence, combined with his conclusion that Wilks had failed to state a claim, signify that the dismissal was *with* prejudice. See FED. R. CIV. P. 41(b); *Swanigan v. City of Chicago*, 775 F.3d 953, 959 n.2 (7th Cir. 2015).) The judge concluded that Wilks failed to state a claim of retaliation because he identified no protected speech. Nor had the defendants deprived Wilks of due process, the judge continued, because Wilks validly waived his major-hearing rights and the hearing officer reviewed the work-placement form before finding him guilty. Wilks moved unsuccessfully for reconsideration under Federal Rule of Civil Procedure 59(e). After filing a notice of appeal, Wilks filed another motion in the district court to add a new claim: he maintained that prison officials were now retaliating against him for filing *this* suit by denying him access to the law library; he sought leave to amend his complaint to include these allegations and enjoin the retaliation. Because this appeal was pending, the district judge denied the motion.

On appeal, Wilks first argues that the district judge improperly dismissed his suit, but for a different reason we conclude that dismissal was warranted. Under *Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997), a claim is not cognizable under § 1983 if it necessarily implies that a conviction depriving an inmate of good-time credits was invalid. See also *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that damages remedy that necessarily implies invalidity of criminal conviction is not permitted while

conviction stands); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that writ of habeas corpus is sole remedy in federal court for prisoner seeking restoration of good-time credits). Wilks's § 1983 claims rest on the premise that his disciplinary conviction resulted from a trumped up, retaliatory conduct report and a deprivation of due process, so a judgment in his favor would necessarily imply that he was wrongly deprived of good-time credits. The only way for Wilks to challenge in federal court a disciplinary conviction that prolongs his custody is by filing a habeas petition under 28 U.S.C. § 2254. See *Preiser*, 411 U.S. at 500; *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Thus, though dismissal was proper, Wilks's suit should have been dismissed *without* prejudice, as that is the type of dismissal that applies to actions barred by *Heck* or *Edwards*. See, e.g., *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014); *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996).

We have considered whether we can "convert" this case to a § 2254 petition, but conclude that we cannot. Generally a court cannot on its own convert a § 1983 suit to one under § 2254; the two kinds of actions have different conditions, different defendants (or respondents), and different consequences. See, e.g., *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997); *Copus*, 96 F.3d at 1039. A district judge may convert a § 1983 suit into a habeas petition only if the litigant is notified of the judge's intent, warned of the consequences, and given a chance to withdraw or amend the petition. See *Castro v. United States*, 540 U.S. 375, 382–83 (2003); *Glaus v. Anderson*, 408 F.3d 382, 388–89 (7th Cir. 2005). None of those conditions is satisfied here, and recasting Wilks's filing sua sponte on appeal would thus be inappropriate.

Finally, Wilks challenges the district judge's denial of his requests for leave to amend his complaint and for injunctive relief. But the judge could not grant either request because Wilks filed his motion while this appeal was pending, and "a district court is divested of jurisdiction once a notice of appeal is filed." *Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21*, 543 F.3d 414, 418 (7th Cir. 2008); see *Hughes v. Farris*, 809 F.3d 330, 333–34 (7th Cir. 2015). Wilks is not without recourse, however. If prison officials are, as he asserts, depriving him of library access because he filed this suit, he may bring First Amendment claims of retaliation and denial of access to the courts by filing a new suit (and paying a new filing fee). See *Smith v. Peters*, 631 F.3d 418, 420–21 (7th Cir. 2011) (explaining that inmate stated a claim of First Amendment retaliation by alleging that prison punished him for complaining about mistreatment by limiting his library access and firing him from job); *Marshall v. Knight*, 445 F.3d 965, 968–69 (7th Cir. 2006) (recognizing inmate's access-to-courts claim based on reduced access to prison law library).

We MODIFY the district court's judgment so that Wilks's claims challenging the validity of his disciplinary conviction are dismissed without prejudice. As so modified, the judgment is AFFIRMED.