Darla ELWOOD, Plaintiff—Appellant,

v.

Joseph MORIN, Defendant,

and

Robert Boyle, Defendant—Appellee.

No. 02–56077.

D.C. No. CV–01–08582–LGB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Jan. 2, 2004.

Patricia J. Barry, Los Angeles, CA, for Plaintiff–Appellant.

Robert E. Drescher, Newhall, CA, for Defendant.

Martin K. Deniston, Wilson, Elser, Moskowitz & Dicker, Los Angeles, CA, for Defendant–Appellee.

Before B. FLETCHER, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM *

Darla Elwood appeals the district court's dismissal of her 42 U.S.C. § 1983 action against Robert Boyle. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Elwood's complaint fails to allege facts showing that a therapist, Boyle, joined together with Joseph Morin and Rodney Delaplane (the fathers), and social workers, and agreed upon a common plan to deprive Elwood of continuing custody of her children in violation of her constitutional rights. Elwood argues that Boyle was the lynchpin of a plan to prevent her from regaining custody; her theory is that the fathers had their agenda (to punish El-wood for leaving Morin and Delaplane and becoming involved with her ex-husband's brother), the social workers had theirs (to punish Elwood for challenging social worker authority), and Boyle's allegedly false reports made the case without which the Juvenile Court Referee could not have decided to deprive Elwood of custody. However, it is not enough that Boyle's conduct contributed to the Referee's decision not to return the children to Elwood, or ultimately had the effect of depriving Elwood of custody. Nor does it suffice that Boyle wrote reports upon which the social workers relied. Likewise, it is immaterial that Morin hired Boyle in violation of a court order, as there is no indication that Boyle knew of the order. We have reviewed the complaint, with particularly careful attention to those paragraphs to which Elwood has directed our attention, and see no factual basis upon which to infer that Boyle is tied into an agreement to violate Elwood's constitutional rights. Conclusory allegations of conspiracy are insufficient. *See Franklin v. Fox,* 312 F.3d 423, 441 (9th Cir.2002) (explaining the requirements of a conspiracy claim under § 1983); *Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1301 (9th Cir.1999) ("[A] showing that the alleged conspirators have committed acts that are unlikely to have been undertaken without an agreement may allow a jury to infer the existence of a conspiracy.") (quotation marks omitted); *Woodrum v. Woodward County,* 866 F.2d 1121, 1126 (9th Cir.1989) (stating that conclusory allegations of a conspiracy do not support a § 1983 claim).

We decline to consider Elwood's suggestion that we remand with leave to amend, for she failed to seek leave in the district court and proffers no additional facts that

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

could be pled to state a claim for conspiracy against Boyle. *See Ventura Packers, Inc. v. F/V Jeanine Kathleen,* 305 F.3d 913, 917 n. 1 (9th Cir.2002) (declining to address a request for leave to amend made for the first time on appeal), *cert. denied,* —— U.S. ——, 123 S.Ct. 1910, 155 L.Ed.2d 827 (2003); *Alaska v. United States,* 201 F.3d 1154, 1163–64 (9th Cir. 2000) ("Where a party does not ask the district court for leave to amend, the request on appeal to remand with instructions to permit amendment comes too late.") (quotations and alteration omitted).

AFFIRMED.