**Darla ELWOOD, Plaintiff—Appellant,**

v.

**Joseph MORIN; Sonia Jimenez; County of Los Angeles; Ann Wellman; Barbara Dallis; Rodney Delaplane, Defendants—Appellees,**

and

**Robert Boyle, Defendant.**

No. 02–56918.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Jan. 2, 2004.

Patricia J. Barry, Esq., Los Angeles, CA, for Plaintiff–Appellant.

Robert E. Drescher, Esq., Newhall, CA, David J. Castenholz, Esq., Huntington Beach, CA, Anita Susan Brenner, Esq., Torres & Brenner, Pasadena, CA, Eugene F. West, Esq., West & Miyomoto, Camarillo, CA, for Defendants–Appellees.

Martin K. Deniston, Esq., Wilson, Elser, Moskowitz & Dicker, Los Angeles, CA, for Defendant.

Before: B. FLETCHER, RYMER, and GRABER, Circuit Judges.

MEMORANDUM *

Darla Elwood appeals the district court's dismissal of her 42 U.S.C. § 1983 action against the County of Los Angeles (the County), Ann Wellman and Barbara Dallis (the social workers), and Rodney Delaplane and Joseph Morin (the fathers). She also appeals denial of her motion for default judgment against Sonia Jimenez for defamation and invasion of privacy.[1] We affirm.[2]

I

We have jurisdiction because Elwood's notice of appeal was timely given entry of final judgments in favor of the County, Wellman, and Dallis on October 9, 2002, in favor of Jimenez on November 8, 2002, and in favor of Morin and Delaplane on November 15, 2002. Fed.R.Civ.P. 58(a); Fed. R.App. P. 4(a)(2).

II

Elwood's complaint fails to set forth facts showing that the fathers, social workers, and therapist Robert Boyle agreed upon a common plan to deprive Elwood of continuing custody of her children in violation of her constitutional rights. She contends that the participants had the same objective, and that the actions of the fathers, Boyle and the social workers could not have been done without prior agreement. However, the facts do not show any agreement among these parties. *See Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir.2002). Conclusory allegations do not suffice. *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir.1989). It is not enough that Morin brought the children to Boyle, that Boyle's allegedly false reports were relied upon by the social workers, that the social workers defied court orders, and that the court denied custody. *See Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir.1999) ("[A] showing that the alleged conspirators have committed acts that are unlikely to have been undertaken without an agreement may allow a jury to infer the existence of a conspiracy.") (quotations omitted). We have carefully reviewed the complaint and see no factual basis upon which to infer that there was any agreed-upon plan to prevent Elwood from retaining, or regaining, custody. Accordingly, the facts pled fail to state a claim for relief, and dismissal was appropriate.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Elwood has asked for judicial notice of all briefs filed in companion cases *Elwood v. Drescher*, No. 02–56917, and *Elwood v. Boyle*, No. 02–56077, which we deny, and of the legislative history of AB 1335 (Cal. Gov't Code § 820.21), which we grant.

2. We review de novo a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) and judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir.2003); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.2001). We review for abuse of discretion the district court's refusal to enter a default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir.1986).

## III

The district court did not abuse its discretion in denying Elwood's motion for entry of a default judgment against Jimenez, because Elwood failed to comply with Central District of California Local Rule 55–1. Similarly, the court appropriately used its discretion to deny Elwood's ex parte application for leave to resubmit a default judgment because it was brought ex parte instead of by way of a noticed motion. After dismissing the federal claims against Jimenez, the district court acted within the discretion conferred by 28 U.S.C. § 1367(c)(3) in dismissing Elwood's supplemental claims. *See Binder v. Gillespie,* 184 F.3d 1059, 1066 (9th Cir.1999) ("Under 28 U.S.C. § 1367(c)(3), a district court may elect, in its discretion, not to exercise supplemental jurisdiction over state claims if it has dismissed the original jurisdiction federal claims.").

## IV

While a bare allegation that county workers' conduct conformed to county policy, practice, or custom is sufficient to withstand a motion to dismiss, *see Karim–Panahi v. L.A. Police Dep't,* 839 F.2d 621, 624 (9th Cir.1988), here there is no injury from unconstitutional conduct that can be the basis for municipal liability. *See, e.g., City of Canton v. Harris,* 489 U.S. 378, 386, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (observing that the first inquiry in municipal liability cases is whether there is a direct causal link between a policy or custom and the alleged constitutional deprivation); *Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir.1992) (explaining elements of *Monell* liability).

## V

Because no proper request for leave to amend was made in the district court, we decline to consider whether leave should be granted either to cure defects or to state a claim under Cal. Gov't Code § 820.21. *See Ventura Packers, Inc. v. F/V Jeanine Kathleen,* 305 F.3d 913, 917 n. 1 (9th Cir.2002) (declining to address a request for leave to amend made for the first time on appeal), *cert. denied,* —— U.S. ——, 123 S.Ct. 1910, 155 L.Ed.2d 827 (2003); *Alaska v. United States,* 201 F.3d 1154, 1163–64 (9th Cir.2000) ("Where a party does not ask the district court for leave to amend, the request on appeal to remand with instructions to permit amendment comes too late.") (quotations and alteration omitted).

AFFIRMED.