Darla ELWOOD; Terri Elwood; Edward Elwood; Anthony Delaplane; Amy Meinke, Plaintiffs—Appellants,

v.

Robert DRESCHER; Robert W. Zakon; Valerie Skeba; John P. Farrell; Haig Kehiayan; William A. MacLaughlin; Judy Hutchinson, in her individual capacity; California Department of Justice, Defendants—Appellees.

No. 02–56917.

D.C. No. CV–02–04656–LGB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Jan. 2, 2004.

Patricia J. Barry, Los Angeles, CA, for Plaintiffs–Appellants.

Robert E. Drescher, Newhall, CA, David J. Castenholz, Huntington Beach, CA, Sandra Isabel Barrientos, Deputy Atty. Gen., AGCA–Office of the California Attorney General (LA), Los Angeles, CA,

Anita Susan Brenner, Torres & Brenner, Pasadena, CA, for Defendants–Appellees.

Before B. FLETCHER, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM *

Darla Elwood, Terri and Edward Elwood, Anthony Delaplane, and Amy Meinke appeal the district court's dismissal of their claims under 42 U.S.C. § 1983 against Commissioner Robert Zakon, Referee Valerie Skeba, Judge John Farrell, Judge Haig Kehiayan, Judge William MacLaughlin, Judy Hutchinson, and Robert Drescher.[1] We affirm.

### I

We have jurisdiction because the notice of appeal was timely in light of the entry of final judgments in favor of Drescher on October 2, 2002; Hutchinson on October 10, 2002; and Skeba, Zakon, Farrell, MacLaughlin, and Kehiayan on March 18, 2003. Fed.R.Civ.P. 58(a); Fed. R.App. P. 4(a)(2).

### II

■ As the district court held, *Younger* abstention applies to Elwood's claims against Zakon and Farrell because the relief that Elwood seeks would interfere with matters pending before the state courts. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *see Green v. City of Tucson*, 255 F.3d 1086, 1094–95 (9th Cir.2001) (en banc). The ongoing state proceedings implicate important state interests in family relations, as well

as "protecting the authority of the judicial system." *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir.2000) (quotations omitted). The state proceedings provide Elwood an opportunity to litigate her federal constitutional claims. *See Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 618–19 (9th Cir.2003) ("*Younger* abstention applies even if the constitutionality of the pending proceedings is at the heart of Plaintiff's claim."), *cert. denied* —— U.S. ——, 124 S.Ct. 938, 157 L.Ed.2d 746 (2003). And none of the exceptions to *Younger* abstention applies because the acts alleged do not amount to bad faith, harassment, or extraordinary circumstances. *See Kugler v. Helfant*, 421 U.S. 117, 125 n. 4, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975) (providing examples of extraordinary circumstances); *Baffert*, 332 F.3d at 621–22 (defining and explaining the exceptions to the *Younger* abstention doctrine).

### III

■ Meinke's claim against Judge Kehiayan is precluded under the *Rooker–Feldman* doctrine because her complaint is a de facto appeal of a state court judgment and the relief she seeks is a de facto reversal of that judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Elwood has filed various requests for judicial notice. We grant the request with respect to the decision in *Morin v. Elwood*, No.

B158184, Cal. Ct. of Appeal; AB 2321; the Universal Declaration of Human Rights; and the legislative history of CA AB 35 and CA AB 243. Otherwise the request is denied. In addition, Elwood's request to consider newly-discovered evidence is denied.

in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir.2003).

## IV

■ For the same reasons, Elwood's claim against Juvenile Court Referee Skeba fails. While it is not entirely clear whether the matter handled by the referee is ongoing or concluded, either way Skeba's rulings cannot be the subject of intervention by a federal court under *Rooker–Feldman* and *Younger*. Elwood contends that she could not mount a constitutional challenge to Skeba's conduct—conflating personal insult with procedural rulings—which resulted in Elwood's being forced to accept the exit order. Again, however, the relief sought is inextricably linked to state court decisions that the lower federal courts lack power to undo.

## V

■ Elwood contends that Judge MacLaughlin is not entitled to judicial immunity because he acted in excess of his jurisdiction. The complaint turns on Judge MacLaughlin's decision that Zakon would hear Elwood's case, but nothing suggests that MacLaughlin's actions were outside the scope of his judicial duties as the presiding judge of the California Superior Court North Valley District. Even if they somehow were in excess of his jurisdiction, the federal courts lack power under *Rooker–Feldman* to invalidate the proceedings before Zakon by declaring that Judge MacLaughlin's acts were unconstitutional.

## VI

■ Elwood alleges that Hutchinson followed Zakon and MacLaughlin through a courtroom door and then stated at a hearing that her department had no interest in the order. These allegations do not state a claim for deprivation of due process,

equal protection or the right to petition, or for conspiring to deprive Elwood of these rights. No facts are averred which indicate that these parties met, let alone agreed upon any particular course of action that denied Elwood any process to which she was entitled. *See Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir.2002) (explaining the requirements of a conspiracy claim under § 1983); *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir.1993) (explaining the elements of a § 1983 claim based on procedural due process); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir.1989) (stating that conclusory allegations of a conspiracy do not support a § 1983 claim).

Elwood asserts that Hutchinson failed to return telephone calls from her counsel about where a file was located, but no facts are pled which indicate that Elwood's access to the courts was impaired. *See Barren v. Harrington*, 152 F.3d 1193, 1195 (9th Cir.1998) ("To state a valid claim for denial of access to the courts, a plaintiff must allege an actual injury."). For the same reason, Elwood's First Amendment rights were not abridged.

Elwood cannot state a claim for denial of equal protection, or conspiring to deny her equal protection, because the facts alleged do not show that Hutchinson acted with an intent or purpose to discriminate based on Elwood's race, gender, or national origin. *See, e.g., id.* at 1194–95.

## VII

■ Nothing that Drescher allegedly did in connection with documents filed or arguments made in the state courts denied Elwood, her parents, or Meinke due process. *See Portman*, 995 F.2d at 904. Although Elwood, her parents, and Meinke argue that Drescher and Farrell acted "hand in glove," and that Farrell issued rulings with which they disagreed, they

allege no facts which show that Drescher and Farrell met, discussed, planned, or agreed on any course of unlawful conduct. *See Kimes v. Stone,* 84 F.3d 1121, 1129 (9th Cir.1996) (stating that where a plaintiff enters into an extra-judicial agreement with a judge, the fraudulent court proceedings circumvent "the due course of justice," and are the basis for a claim of a procedural due process violation). By the same token, that Drescher delayed serving documents and that Farrell made decisions which were not in Elwood's favor did not limit Elwood's right to petition the government because Elwood, her parents, and Meinke could and did file timely suits and appeals.

### VIII

■ Because no proper request for leave to amend or to substitute the name of department heads in place of state and county departments was made in the district court, we decline to remand for this purpose. *See Ventura Packers, Inc. v. F/V Jeanine Kathleen,* 305 F.3d 913, 917 n. 1 (9th Cir.2002) (declining to address a request for leave to amend made for the first time on appeal), *cert. denied,* 538 U.S. 1000, 123 S.Ct. 1910 155 L.Ed.2d 827 (2003); *Alaska v. United States,* 201 F.3d 1154, 1163–64 (9th Cir.2000) ("Where a party does not ask the district court for leave to amend, the request [on appeal] to remand with instructions to permit amendment comes too late.") (alteration in original) (quotations omitted).

AFFIRMED.