# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DARLA ELWOOD; TERRI ELWOOD;
EDWARD ELWOOD; ANTHONY
DELAPLANE; AMY MEINKE,
　　　　　*Plaintiffs-Appellants,*

　　　　　　v.

ROBERT DRESCHER; ROBERT W.
ZAKON; VALERIE SKEBA; JOHN P.
FARRELL; HAIG KEHIAYAN; WILLIAM
A. MACLAUGHLIN; JUDY
HUTCHINSON, in her individual
capacity; CALIFORNIA
DEPARTMENT OF JUSTICE,
　　　　　*Defendants-Appellees.*

No. 04-55635

D.C. No.
CV-02-04656-LGB

OPINION

Appeal from the United States District Court
of the Central District of California
Lourdes G. Baird, District Judge, Presiding

Argued and Submitted
June 5, 2006—Pasadena, California

Filed July 28, 2006

Before: Sidney R. Thomas and Ronald M. Gould,
Circuit Judges, and William W Schwarzer,*
Senior District Judge.

Opinion by Judge Schwarzer

---

*The Honorable William W Schwarzer, Senior United States District
Judge for the Northern District of California, sitting by designation.

8467

## COUNSEL

Patricia J. Barry, Los Angeles, California, for the appellants.

Robert E. Drescher, Newhall, California, for appellee Drescher.

Anita Susan Brenner, Law Offices of Torres & Brenner, Pasadena, California, for appellee Hutchinson.

Bill Lockyer, Attorney General of the State of California, and Sandra J. Barrientos, Deputy Attorney General, Los Angeles, California, for appellees Zakon, Farrell, Kehiayan, MacLaughlin, Skeba and California Department of Justice.

## OPINION

SCHWARZER, Senior District Judge:

These appeals arise out of litigation initiated by Darla Elwood over custody of two of her children. Elwood brought two § 1983 actions alleging conspiracies by various participants in state court proceedings to deprive her of custody of her children. The district court dismissed the actions and this Court affirmed. *Elwood v. Morin*, 84 Fed. App'x 964 (9th Cir. 2004); *Elwood v. Morin*, 87 Fed. App'x 617 (9th Cir. 2004); *Elwood v. Drescher*, 90 Fed. App'x 501 (9th Cir. 2004). The district court then ruled on applications for attorneys' fees under 42 U.S.C. § 1988. It found the underlying actions to have been frivolous and awarded fees to defendants. Elwood appeals from those awards. In this opinion we address the

question whether the awards in *Elwood v. Drescher,* Appeal No. 04-55635, were proper as a matter of law. In a separate memorandum filed concurrently with this opinion, we address Elwood's appeals in *Elwood v. Morin*, Appeal No. 04-55630, and in consolidated proceedings to prevent enforcement of the fee awards, Nos. 05-55724 and 05-55727.

## FACTUAL AND PROCEDURAL HISTORY

In *Elwood v. Drescher*, (Appeal No. 04-55635, D.C. No. 02-04656), Elwood appeals the award of attorneys' fees to defendants. This action was brought by Elwood, her son Anthony, her parents Terri and Edward, and her friend Amy Meinke (collectively, "Elwood"). The complaint named fourteen defendants, but only the following sought and were awarded fees: Robert Drescher, an attorney who represented Elwood's ex-husband Morin; Commissioner Robert W. Zakon of the Los Angeles Superior Court; Referee Valerie Skeba of the Juvenile Court; Superior Court Judges John P. Farrell, Haig Kehiayan, and William MacLaughlin; the California Department of Justice ("California DOJ"); and Judy Hutchinson, a child support enforcement attorney for Los Angeles county.[1] The complaint alleged a variety of conspiracy theories involving the defendants, including that the "[j]udges and commissioners of Superior Court of Los Angeles County have declared war on Darla Elwood and anyone associated with her."

The defendants moved to dismiss on several grounds. The district court dismissed the claims against Drescher for failure

---

[1]Hutchinson was sued in her individual capacity and the claims against her were dismissed for failure to state a claim. Thus, her dismissal does not implicate the issues addressed in the case of the other defendants. Elwood's contention that her claims against Hutchinson were not frivolous lacks merit, being largely based on factual assertions which the district court found were lacking in the complaint. We do not consider her other contentions since they were raised for the first time on appeal. Accordingly, we affirm the award of fees to Hutchinson.

to allege the deprivation of a constitutional right and any meeting of the minds between Drescher and the other defendants. It dismissed the claims against the state court commissioner, referee, and judges as barred by either *Younger* abstention[2] or the *Rooker-Feldman* doctrine,[3] and the claim against the California DOJ on the basis of the Eleventh Amendment.

After the dismissal was affirmed, the district court ruled on defendants' § 1988 motions for attorneys' fees. It found that the claims raised were frivolous, groundless, and generally without foundation, and awarded the state defendants $18,300, Drescher, who represented himself, $7875, and Hutchinson $4033. Elwood filed a timely notice of appeal.

## DISCUSSION

The district court's award of fees is reviewed for abuse of discretion. *See Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1058 (9th Cir. 2001). If an exercise of discretion is based on an erroneous interpretation of the law, the ruling should be overturned. *In re Arden*, 176 F.3d 1226, 1228 (9th Cir. 1999). We consider two issues: (1) whether Drescher, as a pro se attorney-defendant, is entitled to a fee award, and (2) whether the state defendants are entitled to a fee award when the claims against them were dismissed based on *Younger* abstention, the *Rooker-Feldman* doctrine, or the Eleventh Amendment. While the district court found Elwood's claims to be frivolous, normally authorizing an award of fees to prevailing defendants, *see Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003), we conclude that fees may not be awarded to a pro se attorney-defendant, or to defendants dismissed on *Younger* abstention or *Rooker-Feldman* grounds. However, based on our prece-

---

[2]*Younger v. Harris*, 401 U.S. 37 (1971).

[3]*Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

dents, we conclude that the state defendants dismissed on the basis of the Eleventh Amendment are entitled to recover attorneys' fees. Accordingly, we vacate the fee awards to Drescher and to the state court commissioner, referee, and judges. We affirm the award of fees to Hutchinson and the California DOJ, but remand for a recalculation of the fee award to the state defendants in conformity with this opinion.

## I.  ATTORNEYS' FEES AWARD TO DRESCHER

Elwood argues that Drescher, as a pro se attorney-defendant, is not entitled to an award of attorneys' fees under § 1988. This issue requires us to determine whether *Ellis v. Cassidy*, 625 F.2d 227, 230-31 (9th Cir. 1980), in which we upheld the award of fees to a pro se attorney-defendant, remains good law in light of the Supreme Court's decision in *Kay v. Ehrler*, 499 U.S. 432 (1991).

In *Kay*, a pro se attorney-plaintiff sought attorney's fees under § 1988 for the successful prosecution of a civil rights claim. It was undisputed that "a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees," and the question therefore was whether an attorney who represents himself should be treated differently. *Id.* at 435. The statutory text did not provide a clear answer, because "[o]n the one hand, petitioner is an 'attorney' . . . . On the other hand, the word 'attorney' assumes an agency relationship, and it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under § 1988." *Id*. at 435-36.

**[1]** The Court turned to the purpose of the statute, and found that "the overriding statutory concern" of § 1988 was to promote "independent counsel for victims of civil rights violations." *Id*. at 437. Independent counsel would help filter out meritless civil rights claims, but more importantly, the Court found that the statute was intended to ensure "the effective prosecution of meritorious claims." *Id*. "The statutory policy of furthering the successful prosecution of meritorious

claims is better served by a rule that creates an incentive to retain counsel in every such case." *Id.* at 438. Accordingly, the Court held that § 1988 did not authorize the award of fees to pro se litigants, even if they were attorneys. *Id.* at 437-38.

Here, the district court distinguished *Kay*, noting that the facts in that case dealt with a pro se attorney-plaintiff, while Drescher was a pro se attorney-defendant, stating:

> The [Supreme] Court's analysis centered around the policy reasons for providing attorney's fees to a prevailing plaintiff — i.e. an interest in obtaining independent counsel for victims of civil rights violations. The Court found that "Congress was interested in ensuring the effective prosecution of meritorious claims."

> These same policy considerations do not exist when the pro per attorney litigant is a prevailing defendant rather than a prevailing plaintiff. Ensuring that a defendant-attorney obtains counsel does [not]⁴ help to filter meritless claims nor ensure vigorous prosecution of meritorious ones. In contrast, awarding attorneys fees to prevailing defendants protects them from burdensome litigation with no legal or factual basis.

**[2]** While we recognize that the policy considerations affecting a pro se attorney-defendant differ from those relevant to a pro se attorney-plaintiff, we find *Kay* to be controlling here for several reasons. First, although the facts of *Kay* involved a pro se attorney-plaintiff, the decision sweeps broadly, appearing to apply to pro se litigants generally. *See, e.g.*, *id.* at 435 ("We granted certiorari to resolve . . . whether

---

⁴Based on the overall conclusion of the district court, and the use of the word "nor" in this sentence, it appears that the district court made a typographical error and inadvertently omitted "not."

a *pro se* litigant who is also a lawyer may be awarded attorney's fees under § 1988."); *id.* at 438 ("A rule that authorizes awards of counsel fees to *pro se* litigants—even if limited to those who are members of the bar . . . ."). Nothing in the *Kay* opinion suggests that it was intended to apply only to pro se attorney-plaintiffs; instead, it appears to deny attorneys' fees generally to all pro se litigants, including pro se litigants who are attorneys.

**[3]** Second, this broad reading is consistent with the decisions we have found on this issue. While there are no published appellate decisions applying *Kay* to deny § 1988 fees to a pro se attorney-defendant, two district court opinions have done so. *Copus v. City of Edgerton*, 959 F. Supp. 1047, 1052 (W.D. Wis. 1997) (denying attorney's fees for pro se attorney-defendant under § 1988), *rev'd on other grounds*, 151 F.3d 646 (7th Cir. 1998); *Prewitt v. Alexander*, 173 F.R.D. 438, 440 (N.D. Miss. 1996) ("only those defendants represented by counsel may recover attorney's fees under 42 U.S.C. § 1988"), *aff'd*, 114 F.3d 1183 (5th Cir. 1997) (unpublished). In *Prewitt*, the court, while acknowledging that the policy considerations involving a pro se attorney-defendant are different from those of a pro se attorney-plaintiff, could find no support for awarding fees under § 1988. *Id.* at 441 n.3. The force of the court's analysis was limited, however, as it concluded that fees could be awarded on other grounds. *Id.*

**[4]** Courts have also viewed *Kay* as precluding the award of fees to pro se attorney-defendants under other fee shifting statutes. *See Bond v. Blum*, 317 F.3d 385, 398-400 (4th Cir. 2003) (applying *Kay* to 17 U.S.C. § 505, but ultimately concluding that law firm defendants were not pro se and instead were represented by in house counsel); *DiPaolo v. Moran*, 277 F. Supp. 2d 528, 536 (E.D. Pa. 2003) (applying *Kay* to Rule 11 and 28 U.S.C. § 1927 to deny attorney's fees for pro se attorney-defendant). While none of these decisions engaged in lengthy analysis of whether pro se attorney-defendants should be treated differently from pro se attorney-

plaintiffs, all have considered *Kay* as applying to both. This helps to confirm our view that *Kay* imposes a general rule that pro se litigants, attorneys or not, cannot recover statutory attorneys' fees.

**[5]** Finally, we note that some of the policy considerations discussed in *Kay* would be served by encouraging independent counsel for defendants. *Kay* described the disadvantages present when a lawyer represents himself in litigation.

> Ethical considerations may make it inappropriate for him to appear as a witness. He is deprived of the judgment of an independent third party in framing the theory of the case . . . and in making sure that reason, rather than emotion, dictates the proper tactical response . . . . The adage that "a lawyer who represents himself has a fool for a client" is the product of years of experience by seasoned litigators.

*Kay*, 499 U.S. at 437-38. We think that resort to independent counsel for defendants, as well as plaintiffs, serves the statutory policy of ensuring effective prosecution of meritorious civil rights cases. Effective prosecution could suffer where a pro se attorney-defendant is too emotionally and personally involved in contested litigation to respond rationally. Such a defendant could be incapable of exercising independent judgment and could needlessly engage in dilatory or obstructionist litigation tactics.

**[6]** We conclude that the award of attorneys' fees to Drescher must be vacated.

## II. ATTORNEYS' FEES AWARD TO THE STATE DEFENDANTS

While not raised by the parties, we must *sua sponte* consider whether the district court lacked jurisdiction to award attorneys' fees to the state defendants. *Branson v. Nott*, 62

F.3d 287, 293 n.9 (9th Cir. 1995). Where a claim is dismissed for lack of subject matter jurisdiction, the defendant is not a prevailing party within the meaning of § 1988, and the district court accordingly lacks jurisdiction to award attorneys' fees. *Id.* at 292-93; *see also Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003) (extending *Branson* to deny Rule 54(d) costs when dismissal is based on lack of jurisdiction).

**[7]** The claims against the state defendants were dismissed on various grounds.[5] The claim against Judge Kehiayan was dismissed under *Rooker-Feldman*, which is a jurisdictional ground for dismissal and precludes the awarding of attorneys' fees. *Branson*, 62 F.3d at 292-93. This Court affirmed the dismissal of the claims against Judge MacLaughlin on the ground of judicial immunity and in the alternative on the basis of *Rooker-Feldman*. Because *Rooker-Feldman* provides a jurisdictional ground for dismissal, and federal courts must generally address jurisdictional issues first, we treat this dismissal as one under *Rooker-Feldman*, and Judge Mac-Laughlin is therefore not entitled to fees.

**[8]** The dismissal of claims against Commissioner Zakon and Judge Farrell was affirmed on the ground of *Younger* abstention. This Court has explained that "in cases in which *Younger* applies, the federal courts *have* jurisdiction over the parties' claims; *Younger* abstention concerns whether they should exercise that jurisdiction." *Meredith v. Oregon*, 321 F.3d 807, 816 (9th Cir. 2003). A dismissal based on *Younger* abstention signifies that the court declined to exercise jurisdiction; it makes no comment on the merits of the case, and does not "materially alter[ ] the legal relationship between the parties." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). Therefore, neither Commissioner Zakon nor Judge Farrell prevailed within the meaning of § 1988, and they are not entitled to attorneys' fees.

---

[5]We look to our own decision affirming dismissal of these claims to determine the relevant basis for dismissal here.

In affirming the dismissal of Elwood's claim against Juvenile Court Referee Skeba, we noted that "it is not entirely clear whether the matter handled by the referee is ongoing or concluded," but that the claim was barred by either *Younger* or *Rooker-Feldman*. As discussed above, attorneys' fees cannot be awarded based on a dismissal on either of those grounds.

**[9]** Finally, the claim against the California DOJ was dismissed based on Eleventh Amendment immunity. While the Eleventh Amendment prevents federal courts from hearing cases against states, we have stated that "dismissal based on Eleventh Amendment immunity is not a dismissal for lack of subject matter jurisdiction," but instead rests on an affirmative defense. *Miles*, 320 F.3d at 988-89. We previously upheld an award of attorneys' fees under § 1988 to a defendant who successfully raised an Eleventh Amendment immunity defense. *Franceschi v. Schwartz*, 57 F.3d 828, 832 (9th Cir. 1995). Accordingly, the California DOJ is not barred from recovery of fees by reason of having been dismissed on the basis of the Eleventh Amendment.

We reject Elwood's other arguments in support of her contention that the award to the California DOJ was an abuse of discretion. The district court's finding of frivolousness was not an abuse of discretion, given that Elwood continued to press her claim against the California DOJ even after the court warned her that it appeared to be frivolous, and failed to amend her complaint or provide any basis for overcoming the Eleventh Amendment defense. The fee request submitted by the attorney for the state defendants (including the California DOJ) for 152.5 hours was not excessive. The attorney represented six parties, and spent time reviewing the complaint, defending against two motions for declaratory judgment, preparing and bringing two motions to dismiss, and making several court appearances.

The district court did not err when it allowed the state defendants to refile their motion for attorneys' fees after the

initial motion was stricken for failure to comply with Local Rule 7-3 requiring parties to meet and confer before filing a motion. Rule 54(d)(2)(B) allows a district court to extend the time for filing a motion for attorneys' fees, and the striking of the initial motion had no preclusive effect on the second motion. Finally, Elwood offered no evidence in the district court showing inability to pay the fee awards; her tax returns, of which she asks this Court to take judicial notice, would show only her income and not whether she has assets with which to satisfy the fee awards.

[10] We affirm the award of attorneys' fees to the California DOJ. However, because the same attorney represented all of the state defendants, the award must be recalculated to include only those hours spent on the claim against the California DOJ.

## CONCLUSION

For the foregoing reasons, we **VACATE** the fee awards to attorney Drescher and to Commissioner Zakon, Referee Skeba, Judge Farrell, Judge Kehiayan, and Judge MacLaughlin. We **AFFIRM** the fee awards to attorney Hutchinson and to the California DOJ but **REMAND** the latter to the district court for recalculation in conformity with this opinion.