**David PHILLIPS, Plaintiff–Appellant,**

v.

**Richard BOWLES; et al., Defendants–Appellees.**

No. 06–17235.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Jan. 14, 2008.*

Filed Jan. 24, 2008.

David Phillips, West Hollywood, CA, pro se.

Robert I. Westerfield, Esq., Bowles & Verna, Walnut Creek, CA, Roger W. Sleight, Law Offices Steuart Tower, Paul T. Hammerness, Esq., AGCA–Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

David Phillips, an attorney, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging civil rights violations arising out of an action he brought in state court. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's jurisdictional dismissal based on the *Rooker–Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir.2003). We affirm in part and reverse in part.

The district court properly concluded that the *Rooker–Feldman* doctrine barred Phillips's action as to the non-judicial defendants because it is a "forbidden de facto appeal" of state court proceedings, and raises constitutional claims that are "inex-

tricably intertwined" with those prior state court decisions. *Id.* at 1158.

The district court should also have relied on the *Rooker–Feldman* doctrine, rather than judicial immunity, to dismiss the claims against the judicial defendants. *See Elwood v. Drescher*, 456 F.3d 943, 948 (9th Cir.2006) ("federal courts must generally address jurisdictional issues first"); *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 607 n. 4 (9th Cir.2005) (explaining that where "the subject matter jurisdiction inquiry involves a straightforward application of the *Rooker–Feldman* doctrine," the court would "rely[ ] upon the lack of subject matter jurisdiction to dismiss" the various sets of defendants). Accordingly, the award of attorneys' fees to the judicial defendants must be reversed. *See Elwood*, 456 F.3d at 948 (vacating award of attorneys' fees to judicial defendants where claims had been dismissed on judicial immunity, and in the alternative, *Rooker–Feldman*, grounds, because "[w]here a claim is dismissed for lack of subject matter jurisdiction, the defendant is not a prevailing party within the meaning of § 1988, and the district court accordingly lacks jurisdiction to award attorneys' fees.").

The parties shall bear their own costs on appeal.[1]

**AFFIRMED in part; REVERSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We deny without prejudice Appellees' request for sanctions under Fed. R.App. P. 38

because they have failed to file a separate motion. *See Higgins v. Vortex Fishing Sys., Inc.*, 379 F.3d 701, 709 (9th Cir.2004) (denying the motion for attorneys' fees without prejudice because "[a] request [for an award of fees] made in an appellate brief does not satisfy Rule 38.") (internal quotations omitted).