FILED

FEB 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS J. DIBIASI, | No. 10-35213 |
| Plaintiff - Appellee, | D.C. No. 2:07:cv-00276-LRS |
| v. | |
| STARBUCKS CORPORATION; LESLIE RUFF; HEIDI PARR, | MEMORANDUM* |
| Defendants - Appellants. | |
| and | |
| SPOKANE COUNTY WASHINGTON; OZZIE KNEZOVICH; DAVE REAGAN; THOMAS EDELBROCK, | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted February 7, 2011
Seattle, Washington

_____

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: B. FLETCHER, PAEZ and IKUTA, Circuit Judges.

Appellants Heidi Parr, Leslie Ruff, and Starbucks Corporation appeal the district court's order denying their request for attorneys' fees, costs, and statutory damages pursuant to Washington State's anti-SLAPP statute, Wash. Rev. Code § 4.24.510. Ruff and Parr also appeal the district court's denial of their request for attorneys' fees pursuant to 42 U.S.C. § 1988(b). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for calculation of attorneys' fees, costs, and statutory damages.

The record establishes that Ruff complained to the police regarding Douglas DiBiasi's conduct in the Starbucks drive-thru; that this complaint was a matter of concern to the police;[1] and that DiBiasi sued Ruff, Starbucks, and Parr under Washington law as a result of Ruff's complaint. Therefore, the appellants met the requirements for immunity under Wash. Rev. Code § 4.24.510 from DiBiasi's claims for malicious prosecution and discrimination. *See* Wash. Rev. Code

---

[1] The police arrested DiBiasi for indecent exposure. He was not prosecuted.

2

§ 4.24.510.[2] Contrary to the district court's ruling at summary judgment, appellants did not have to establish that they acted in good faith in order to qualify for immunity; the plain language of Wash. Rev. Code § 4.24.510 and Washington case law make clear that the state legislature removed the good faith requirement for entitlement to immunity in 2002. *See Bailey v. State*, 191 P.3d 1285, 1290–91 (Wash. Ct. App. 2008). Moreover, the district court's judgment that DiBiasi failed to establish actual malice as a matter of law constituted a finding of good faith for purposes of Wash. Rev. Code § 4.24.510, *see Kauzlarich v. Yarbrough*, 20 P.3d 946, 956 (Wash. Ct. App. 2001), and entitled appellants to statutory damages of ten thousand dollars under Wash. Rev. Code § 4.24.510, *see Bailey*, 191 P.3d at 1291. DiBiasi has not cited any case indicating that the immunity defense under

---

[2] Washington's Anti-SLAPP statute provides in pertinent part:

> A person who communicates a complaint or information to any branch or agency of federal, state, or local government, . . . is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization. . . . A person prevailing upon the defense provided for in this section is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive statutory damages of ten thousand dollars.

Wash. Rev. Code § 4.24.510.

Wash. Rev. Code § 4.24.510 is lost when a case proceeds to trial, and the plain language of the statute and Washington case law suggest otherwise. *See Valdez-Zontek v. Eastmont Sch. Dist.*, 225 P.3d 339, 350–51 (Wash. Ct. App. 2010); *Loeffelholz v. Citizens for Leaders with Ethics & Accountability Now*, 82 P.3d 1199, 1211 (Wash. Ct. App. 2004). Accordingly, the district court erred in refusing to grant appellants statutory immunity, mandatory attorneys' fees and costs, and statutory damages under Wash. Rev. Code § 4.24.510, for DiBiasi's claims for malicious prosecution and discrimination.

The district court abused its discretion in failing to grant attorneys' fees to Heidi Parr under 8 U.S.C. § 1988(b). DiBiasi conceded at summary judgment that he had insufficient evidence to support his allegations of conspiracy against Parr, and the record indicates that he had all of the information needed to establish her lack of knowledge or involvement before he filed his amended complaint. *See Edgerly v. City & Cnty. of San Francisco*, 599 F.3d 946, 962 (9th Cir. 2010) (affirming the district court's award of attorneys' fees from the time the plaintiff knew or should have known that there was no basis for its claims against defendant); *cf. Elwood v. Drescher*, 456 F.3d 943, 949 (9th Cir. 2006).

Because the district court deemed DiBiasi's allegations sufficient to support a cognizable claim under 8 U.S.C. § 1983 against Ruff, and there is nothing in the

4

record to suggest that DiBiasi knew or should have known that his allegations against Ruff were frivolous, *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1062–64 (9th Cir. 2006), it was not an abuse of discretion for the district court to deny Ruff attorneys' fees under § 1988(b), *Patton v. Cnty. of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988) (affirming the district court's grant of attorneys' fees where plaintiff's claims were groundless).

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR CALCULATION OF ATTORNEYS' FEES, COSTS, AND STATUTORY DAMAGES.**