
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW SCOTT WHITE, | No. 14-16149 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00680-MMD-WGC |
| v. | |
| STEVEN L. DOBRESCU; STATE OF NEVADA; ROBERT S. BECKETT; HARDESTY; DOUGLAS; CHERRY; SEVENTH JUDICIAL DISTRICT COURT; FIFTH JUDICIAL DISTRICT COURT, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted May 11, 2016[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN and FRIEDLAND, Circuit Judges and LEFKOW,[***] Senior District Judge.

Matthew Scott White, a Nevada state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") in connection with Judge Dobrescu's denial of White's petition to change his name for religious reasons. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm the dismissal but reverse the district court's decision to do so with prejudice.

Dismissal of White's action was proper because his claims amounted to a forbidden "de facto appeal" of unfavorable judgments in Nevada state court and are barred by the *Rooker–Feldman* doctrine. *See Elwood v. Drescher*, 456 F.3d 943, 948 (9th Cir. 2006) (explaining that *Rooker–Feldman* provides a jurisdictional ground for dismissal and federal courts must generally address jurisdictional issues

---

[***] The Honorable Joan H. Lefkow, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

2

first); *Noel v. Hall*, 341 F.3d 1148, 1163–65 (9th Cir. 2003) (the *Rooker–Feldman* doctrine applies where a federal plaintiff complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court).

Because we affirm the dismissal on the basis of the *Rooker–Feldman* doctrine, we treat the dismissal as one without prejudice. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissals for lack of subject matter jurisdiction should be without prejudice). We therefore affirm the district court's dismissal of White's claims, but reverse and remand so the district court can enter an order dismissing White's petition without prejudice.

No costs will be assessed on appeal.

AFFIRMED AS TO DISMISSAL OF CLAIMS; REVERSED AND REMANDED AS TO DISMISSAL WITH PREJUDICE.

*White v. Dobrescu*, 14-16149

Joan H. Lefkow, District Judge, concurring.

I agree with the majority but would indicate to the appellant that he may seek leave to amend his complaint in federal court by pleading that Nevada's statutory restriction on name changes for prisoners violates RLUIPA, which would create subject matter jurisdiction and would not be a de facto appeal from the state court judgment.