NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VINCENT HASCOET, ex rel. United States of America; et al., Plaintiffs-Appellants, and UNITED STATES OF AMERICA; STATE OF CALIFORNIA, Plaintiffs, v. MORPHO S.A., AKA Safran Identity & Security, S.A., a French corporation; SAFRAN GROUP, S.A., a French corporation, Defendants-Appellees. | No.    17-16915 D.C. No. 5:15-cv-00746-LHK MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted May 17, 2019**
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN and GOULD, Circuit Judges, and BATTAGLIA,*** District Judge.

Vincent Hascoet and Philippe Pacaud Desbois (collectively "Relators") appeal from the district court's orders dismissing their qui tam action with prejudice and granting Safran Identity & Security, S.A.'s request for attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court did not abuse its discretion by staying discovery until Relators could plead a legally sufficient complaint. *See Ala. Cargo Transp., Inc. v. Ala. R.R.*, 5 F.3d 378, 383 (9th Cir. 1993) (reviewing stay of discovery for abuse of discretion). The district court appropriately concluded that purported insiders such as Relators should not be allowed to use discovery to satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirement.

Nor did the district court abuse its discretion by declining to modify the scheduling order to allow Relators to add new defendants after the December 19, 2016 deadline. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (reviewing district court's refusal to modify scheduling order for abuse of discretion). Even assuming Federal Rule of Civil Procedure 16(b)(4)'s good cause standard applies, Relators failed to show that they were diligent. *Id.* at 609.

---

*** The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

2

Federal Rule of Civil Procedure 15(a) is not applicable because Relators sought to amend their complaint after the scheduling order's deadline. *Id.* at 607–08.

We affirm on de novo review the district court's holding that Relators failed to satisfy Rule 9(b)'s particularity requirement. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999). Relators failed to specify what role Safran U.S.A., Inc. played in the alleged fraud. *See United States v. Corinthian Colls.*, 655 F.3d 984, 997–98 (9th Cir. 2011) ("Rule 9(b) . . . requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."). They also failed to adequately allege that the other two defendants actually submitted false claims. *See Ebeid ex rel U.S. v. Lungwitz*, 616 F.3d 993, 998–99 (9th Cir. 2010) (holding that qui tam plaintiffs must allege "reliable indicia that lead to a strong inference that claims were actually submitted"). Relators alleged that companies that were either unidentified or not named as defendants submitted false claims, but did not plead facts sufficient to impart those companies' liability to the named defendants. *See United States v. Bestfoods*, 524 U.S. 51, 61–62 (1998) (holding that ownership and control is insufficient to demonstrate an alter-ego relationship). Relators also failed to identify who made false certifications of compliance with the Trade Agreements Act of 1979 (TAA), 19 U.S.C. §§ 2501–2581, and U.S. antitrust laws, when such certifications were made, or the

3

circumstances of the ostensible false certifications, so those claims also failed to satisfy Rule 9(b).  *See Ebeid*, 616 F.3d at 998.

The attorneys' fees award was not an abuse of discretion.  *Stetson v. Grissom*, 821 F.3d 1157, 1163 (9th Cir. 2016).  The district court appropriately concluded that the TAA and antitrust false certification claims in the Third Amended Complaint were frivolous, because identical claims in the Second Amended Complaint had already been found insufficient to satisfy Rule 9(b), *see Elwood v. Drescher*, 456 F.3d 943, 949 (9th Cir. 2006), and the court correctly applied the lodestar method to determine the amount of the fees award, *see Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009); *see also Fox v. Vice*, 563 U.S. 826, 838 (2011) (holding that district courts "may use estimates in calculating and allocating an attorney's time[, a]nd appellate courts must give substantial deference to these determinations").

**AFFIRMED.**