Robert PERNOKIS, Petitioner–
Appellant,

v.

Daniel R. MCBRIDE, Respondent–
Appellee.

No. 02–4278.

United States Court of Appeals,
Seventh Circuit.

Submitted April 17, 2003.*

Decided April 25, 2003.

Before COFFEY, RIPPLE, and
DIANE P. WOOD, Circuit Judges.

ORDER

In July 2002 a prison disciplinary board found Indiana inmate Robert Pernokis guilty of refusing to obey a correctional officer's order, resulting in a reprimand and revocation of two months of recreation privileges. After exhausting administrative remedies, Mr. Pernokis filed a petition under 28 U.S.C. § 2254 challenging the discipline. The district court denied the petition, concluding that the sanctions do not implicate a liberty interest. On appeal Mr. Pernokis argues that the sanctions implicate a liberty interest because they affect his credit-earning classification and that the disciplinary hearing violated his due process rights because he was not provided a lay advocate and the hearing officer was biased.

We affirm, but for a different reason than that cited by the district court. In October 2001, before the disciplinary hearing at issue here, a disciplinary board demoted Mr. Pernokis to a lower credit-earning class after finding him guilty of numerous batteries. IDOC policy requires prisoners to be free of conduct violations for six months before being eligible for promotions in credit-earning class. *See* Resp't Br. at 20; *see also* Ind.Code § 35–50–6–4(d) (entitling Indiana prisoners to a review, but not necessarily a promotion, at least once every six months after being

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

demoted in class). Although the disciplinary sanction at issue here stretched that window for Mr. Pernokis, it did not necessarily affect the length of his incarceration. The record shows that Mr. Pernokis was sanctioned for another conduct violation just a week after the hearing at issue here. The 6–month window then ran from this new violation, and the sanction at issue in this case had no effect on his eligibility for a promotion in class.

Thus, the July 2002 disciplinary sanction, with respect to its impact on Mr. Pernokis' credit-earning class, does not affect the duration of his incarceration. Likewise, the reprimand and loss of recreation privileges altered the conditions of his incarceration, but not its duration. Therefore, although Mr. Pernokis is still incarcerated, he is not "in custody" for purposes of § 2254 review as a result of the disciplinary sanction that he challenges here. *See* 28 U.S.C. § 2254(a); *DeWalt v. Carter,* 224 F.3d 607, 617 (7th Cir.2000) (prisoner may not pursue habeas corpus action if challenging condition, rather than duration, of confinement); *Moore v. Pemberton,* 110 F.3d 22, 23 (7th Cir.1997) ("It is not enough to be 'in custody'; unless one is attacking the legality, duration, or (rarely) severity of that custody, a petition under § 2254 is improper."). Accordingly, the district court should have dismissed his petition for lack of jurisdiction. *See Maleng v. Cook,* 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *Puchner v. Kruziki,* 111 F.3d 541, 543 (7th Cir.1997).

As a final matter, we decline Indiana's invitation to revisit our decision in *Walker v. O'Brien,* 216 F.3d 626 (7th Cir.2000).

AFFIRMED AS MODIFIED.