FILED
United States Court of Appeals
Tenth Circuit

January 5, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

WILLIS A. CENTER,

      Defendant - Appellant.

No. 17-8048
(D.C. Nos. 2:16-CV-00102-NDF and
2:14-CR-00112-NDF-1)
(D. Wyo.)

ORDER

Before **BRISCOE, HARTZ**, and **BACHARACH**, Circuit Judges.

This appeal stems from a car search. In the search, authorities found methamphetamine and a large amount of cash, which ultimately led to the passenger's conviction for drug crimes. The passenger, Mr. Willis Center, moved for vacatur of his sentence under 28 U.S.C. § 2255, and the district court denied relief.

Mr. Center wants to appeal and avoid prepayment of the filing fee. He can pursue the appeal only if we grant a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). And he can avoid prepayment of the filing fee only by obtaining leave to proceed in forma pauperis. We deny the certificate of

appealability and dismiss the appeal. But we grant leave to proceed in forma pauperis.

## I.   Mr. Center's Claims

In his original motion, Mr. Center alleged that his sentence had been improperly enhanced under sentencing-guideline provisions that were unconstitutionally vague. And in a motion for leave to amend, Mr. Center sought to add claims involving the constitutionality of the car search and ineffective assistance of counsel. The district court rejected the original claim and denied leave to amend.

In reviewing these challenges, we consider whether the district court's ruling is subject to reasonable debate. If not, we must deny the request for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## II.   The Claim in the Original Motion

The claim in the original motion, based on vagueness of the pertinent guideline provision, is foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017). There the Supreme Court held that the sentencing guidelines are not subject to the void-for-vagueness doctrine. *Beckles*, 137 S. Ct. at 897. Thus, any reasonable jurist would reject Mr. Center's vagueness challenge to the sentence.

### III.  Mr. Center's Motion for Leave to Amend

Mr. Center also sought leave to add claims involving the car search and ineffective assistance of counsel. These claims would have been untimely.

Claims under § 2255 are subject to a one-year period of limitations. 28 U.S.C. § 2255(f). The district court concluded that the claims would ordinarily be time-barred, and Mr. Center does not argue to the contrary. The conviction became final in March 2015, and he waited until May 2016 to file the habeas petition. Thus, the habeas petition is untimely.

Mr. Center urges equitable tolling based on extraordinary circumstances involving obstructive conduct by prison officials and counselors. Equitable tolling is rarely appropriate and applies only when the claimants are unable to timely file documents based on impediments outside of the claimants' control. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("'Equitable tolling is a rare remedy to be applied in unusual circumstances . . . .'" (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007))); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that equitable tolling requires extraordinary circumstances beyond the claimant's control). But Mr. Center has not identified external impediments preventing him from timely filing the additional claims. Thus, the district court's denial of leave to amend is not subject to reasonable debate.

3

* * *

Because the district court's rulings are not reasonably debatable, we decline to issue a certificate of appealability. And in the absence of this certificate, we dismiss the appeal.

## IV.  Leave to Proceed in Forma Pauperis

Though we dismiss the appeal, we must address Mr. Center's motion for leave to proceed in forma pauperis. *See Clark v. Oklahoma*, 468 F.3d 711, 715 (10th Cir. 2006) (stating that a petitioner remains obligated to pay the filing fee after denial of a certificate of appealability). To obtain leave to proceed in forma pauperis, Mr. Center must show that he

- lacks the money to prepay the filing fee and

- brings the appeal in good faith.

28 U.S.C. § 1915(a)(1), (a)(3).

He satisfies both requirements. He has no assets and owes the prison over $18,000. And we have no reason to question Mr. Center's good faith even though his underlying appeal points are not reasonably debatable. *See Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (per curiam) (stating that the petitioner's burden for a certificate of appealability "is considerably higher" than the burden of "good faith" for leave to proceed in forma pauperis). As a result, we grant leave to proceed in forma pauperis. *See Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (granting leave to proceed in forma pauperis notwithstanding the denial of

4

a certificate of appealability); *Yang v. Archuleta*, 525 F.3d 925, 931 & n.10 (10th Cir. 2008) (same).

Entered for the Court


Robert E. Bacharach
Circuit Judge