FILED
United States Court of Appeals
Tenth Circuit

June 28, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

LEROY HAYES,

      Petitioner - Appellant,

v.

WARDEN BEAR; STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 18-6048
(D.C. No. 5:18-CV-00083-D)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Mr. Leroy Hayes is an Oklahoma state prisoner who seeks habeas relief under 28 U.S.C. § 2241, claiming that state courts failed to enforce Supreme Court precedent, failed to protect his federal rights, suspended habeas corpus, and impeded court access. The district court denied habeas relief, reasoning that (1) the petition had been improperly filed under 28 U.S.C. § 2241 instead of § 2254 and (2) the underlying allegations had not stated a valid claim for relief under § 2241. *Hayes v. Bear*, No. CIV-18-83-D, 2018 WL 1309858, at *1 (W.D. Okla. Mar. 13, 2018). Mr. Hayes seeks a certificate of appealability and leave to proceed in forma pauperis. We

deny a certificate of appealability but grant leave to proceed in forma pauperis.

## I.     Certificate of Appealability

This court will grant a certificate of appealability "'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012) (quoting 28 U.S.C. § 2253(c)(2)). To make this showing, Mr. Hayes "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Hayes contends that 28 U.S.C. § 2241[1] provides a proper vehicle for him to seek habeas relief. This contention lacks reasonable support under our case law. As the district court correctly noted, § 2254 and § 2241 petitions provide relief for different types of claims. For state prisoners, "[p]etitions under § 2241 are used to attack the execution of a sentence . . . in contrast to § 2254 habeas . . . proceedings, which are used

---

[1]     Mr. Hayes appears to reiterate his claim that he was deprived of his rights because of state processes. Appellant's Combined Opening Br. and Appl. for a Certificate of Appealability at 6 (arguing that he suffered a "denial of due process and equal protection of law"). But he did not object to the part of the magistrate judge's proposed conclusion that these claims had been based only on state law. *Hayes v. Bear*, No. CIV-18-83-D, 2018 WL 1309858, at *1 n.1 (W.D. Okla. Mar. 13, 2018); *Hayes v. Bear*, No. CIV-18-83-D, 2018 WL 1311211, at *2 (W.D. Okla. Mar. 2, 2013) (R. & R.). Thus, this issue is considered waived. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008)

to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (internal citations omitted).

Mr. Hayes challenges only the validity of his conviction, arguing that state courts lack jurisdiction over crimes committed "by an Indian, [against] an Indian . . . inside a sovereign Indian Reservation." Appellant's Combined Opening Br. and Appl. for a Certificate of Appealability at 3. He is not challenging the execution of his sentence. Thus, § 2254 provides the sole source of habeas relief.

Mr. Hayes argues that § 2254 provides an inadequate remedy. If the remedy is inadequate, the writ of habeas corpus could be considered suspended in violation of the Constitution. *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998). But even if the remedy in § 2254 were inadequate, Mr. Hayes could not pursue his habeas claims through a § 2241 petition. His arguments are jurisdictional and do not attack "the *nature* of [Mr. Hayes's] confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011) (emphasis in original). Thus, his claims cannot be brought under § 2241. In light of the unavailability of a remedy through § 2241, we deny Mr. Hayes's motion for a certificate of appealability and dismiss the appeal.

## II. Leave to Proceed in Forma Pauperis

Notwithstanding the dismissal of the appeal, we must address Mr. Hayes's motion for leave to proceed in forma pauperis. *See Clark v. Oklahoma*, 468 F.3d 711, 715 (10th Cir. 2006) (stating that a petitioner remains obligated to pay the filing fee after denial of a certificate of appealability). To obtain leave to proceed in forma pauperis, Mr. Hayes must show that he

- lacks money to prepay the filing fee and

- brings the appeal in good faith.

28 U.S.C. § 1915(a)(1), (a)(3).

He satisfies both requirements. He lacks the money to prepay the filing fee, and we have no reason to question Mr. Hayes's good faith even though his underlying appeal points are not reasonably debatable. *See Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (per curiam) (stating that the petitioner's burden for a certificate of appealability "is considerably higher" than the burden of "good faith" for leave to proceed in forma pauperis). As a result, we grant leave to proceed in forma pauperis. *See Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (granting leave to proceed in forma pauperis notwithstanding the denial of

4

a certificate of appealability); *Yang v. Archuleta*, 525 F.3d 925, 931 & n.10 (10th Cir. 2008) (same).

Entered for the Court


Robert E. Bacharach
Circuit Judge