**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERNEST SEADIN,

    Petitioner - Appellant,

v.

DEAN WILLIAMS, Director of the
Colorado Department of
Corrections,

    Respondent - Appellee.

No. 20-1026
(D.C. No. 1:19-CV-01863-LTB-GPG)
(D. Colo.)

_____

**ORDER**
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Mr. Ernest Seadin, a state prisoner, filed a habeas petition in 2019, arguing that his sentence had already expired. Roughly five years ago, Mr. Seadin unsuccessfully made a similar habeas claim. Relying on the prior ruling and the passage of time, the district court dismissed the new habeas petition.

Mr. Seadin seeks a certificate of appealability in order to appeal. 28 U.S.C. § 2253(c)(1)(A). And to proceed without prepayment of the filing fee, he seeks leave to proceed in forma pauperis. We deny the certificate of appealability but grant leave to proceed in forma pauperis.

A certificate of appealability is available only if jurists could reasonably debate the correctness of the district court's procedural rulings. *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). The procedural rulings are not reasonably debatable because Mr. Seadin failed to challenge one of the district court's reasons for dismissal.

Because the district court dismissed the action based on two independent procedural grounds (abuse of the writ and expiration of the limitations period), Mr. Seadin could prevail on appeal only by demonstrating the invalidity of both procedural grounds. *See Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016) ("When a district court dismisses a claim on two or more independent grounds, the appellant must challenge each of those grounds.").

But Mr. Seadin does not challenge the district court's ruling that the limitations period had expired. So even if we were to credit everything in Mr. Seadin's appeal brief, we would need to affirm. *See id.* (stating that we must affirm when an appellant fails to challenge one of two independent grounds for dismissal). Given Mr. Seadin's failure to challenge the district court's reliance on the statute of limitations, we deny his request for a certificate of appealability. Because we deny the request for a certificate of appealability, we must also dismiss the appeal. *See* 28 U.S.C. § 2253(c)(1)(A).

Though we deny a certificate of appealability, we grant leave to proceed in forma pauperis. Mr. Seadin cannot prepay the filing fee, and we have no reason to question his good faith even though his appellate arguments are not reasonably debatable. *See Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (per curiam) (stating that the petitioner's burden for a certificate of appealability "is considerably higher" than the burden of "good faith" for leave to proceed in forma pauperis). As a result, we grant leave to proceed in forma pauperis. *See Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (granting leave to proceed in forma pauperis notwithstanding the denial of a certificate of appealability); *Yang v. Archuleta*, 525 F.3d 925, 931 & n.10 (10th Cir. 2008) (same).

Entered for the Court

Robert E. Bacharach
Circuit Judge